**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**James WAUGHTEL, Appellant.**

Superior Court of Pennsylvania.

Argued April 6, 2010.

Filed July 16, 2010.

---

Ronald Gross, York, for appellant.

James E. Zamkotowicz, Assistant District Attorney, York, for Commonwealth, appellee.

BEFORE: BENDER, PANELLA and LAZARUS, JJ.

OPINION BY BENDER, J.:

¶ 1 James Waughtel (Appellant) appeals from the order, dated June 30, 2009, denying his request to expunge charges from his record. Appellant claims that the balancing test set forth in *Commonwealth v. Wexler*, 494 Pa. 325, 431 A.2d 877 (1981), applies to the circumstances here and that because the Commonwealth failed to present any justification for retaining Appellant's record, the trial court erred in denying his expungement petition. For the reasons stated below, we affirm.

¶ 2 On December 4, 2000, Appellant was charged with three counts of aggravated assault, three counts of simple assault, and one count of harassment as a result of an incident that arose during Appellant's employment as a prison guard. On October 29, 2001, the day that the criminal trial was to begin, an agreement was reached between the Commonwealth and Appellant. Appellant pled *nolo contendere* to summary harassment and was required to pay a $150.00 fine and court costs. Although the common pleas court's docket sheets indicate that the remaining charges were *nolle prossed,* the notes of testimony for October 29, 2001, reveal that the trial judge "dismiss[ed] the remaining counts...." N.T., 10/29/01, at 13. No mention was made that the charges should be *nolle prossed.*

¶ 3 In April of 2009, Appellant filed a petition requesting expungement of the charges on his record, which he contends impacts his employment, livelihood and reputation. A hearing was held on May 20, 2009, which essentially consisted of oral argument and not sworn testimony. Thereafter, following the submission of briefs, the court denied Appellant's expungement petition. Order, 6/30/09. As part of its June 30th order, the court stated that it "finds that the charges were dismissed as part of the plea agreement and were not *nolle prossed.*" *Id.* at 2. The court further explained that "the October 29[, 2001] transcript does not indicate that the Commonwealth requested that the charges be *nolle prossed.*" *Id.* Based upon its determination that the charges had been dismissed as part of the plea agreement, the court concluded that *Commonwealth v. Lutz,* 788 A.2d 993 (Pa.Super.2001), applied and that, therefore, Appellant was not entitled to expungement of the dismissed charges.

¶ 4 Appellant filed this appeal from the denial of the petition for expungement, raising the following question for our review:

> Whether the Trial Court improperly denied the Appellant's Motion for Expungement where the Commonwealth dismissed all the charges requested to be expunged and presented no evidence or information [to] support the Court['s] not expunging such record[?]

Appellant's brief at 7.

¶ 5 In *Commonwealth v. Hanna,* 964 A.2d 923, 925 (Pa.Super.2009), this Court reviewed the law of expungement, explaining:

> "The decision to grant or deny a request for expungement of an arrest record lies in the sound discretion of the trial judge, who must balance the competing inter-

ests of the petitioner and the Commonwealth. We review the decision of the trial court for an abuse of discretion." *Commonwealth v. Rodland*, 871 A.2d 216, 218 (Pa.Super.2005) (citation omitted). This Court explained the nature of the right to expungement as follows:

> In this Commonwealth, there exists the right to petition for expungement of a criminal arrest record. This right is an adjunct of due process and is not dependent upon express statutory authority. In *Commonwealth v. Wexler*, [494 Pa. 325, 431 A.2d 877, 879 (1981)], the seminal case on expungement hearings in the Commonwealth, our Supreme Court defined the responsibilities of a court as it decides whether to expunge an arrest record: "In determining whether justice requires expungement, the court, in each particular case, must balance the individual's right to be free from the harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records." Our Court has long recognized that the Commonwealth's retention of an arrest record, in and of itself, may cause serious harm to an individual. *See Commonwealth v. Malone*, 244 Pa.Super. 62, 366 A.2d 584, 588 (Pa.Super.1976) (noting possible effects of maintaining an arrest record, including economic and non-economic losses and injury to reputation).

*Commonwealth v. A.M.R.*, 887 A.2d 1266, 1268 (Pa.Super.2005) (footnote omitted).

If the defendant is convicted of a crime, he is not entitled to expungement except under the extremely limited circumstances permitted by statute. *Commonwealth v. Maxwell*, 737 A.2d 1243, 1244 (Pa.Super.1999), *citing* 18 Pa. C.S.A. § 9122. At the opposite extreme, if the defendant is acquitted, he is generally entitled to automatic expungement of the charges for which he was acquitted. *Commonwealth v. D.M.*, 548 Pa. 131, 695 A.2d 770 (Pa.1997); *cf. Rodland*, 871 A.2d at 219 (where the defendant is acquitted of some charges and not others, the court should expunge the acquitted charges unless the Commonwealth "demonstrates to the trial court that expungement is impractical or impossible under the circumstances").

¶ 6 The *Hanna* decision then discussed a number of other cases where the facts fall somewhere between conviction of a crime and complete acquittal. The *Hanna* case noted that "[i]n 1997, our Supreme Court re-affirmed *Wexler* by holding that 'all the factors listed in *Wexler*, and similar additional considerations, should be evaluated in expunction cases which are terminated without conviction for reasons such as *nolle prosequi* or ARD.'" *Hanna*, 964 A.2d at 926 (quoting *D.M.*, 695 A.2d at 773).[1] As part of its review of case law, the *Hanna* decision provided the following discussion with regard to *Lutz*, the case relied upon by the Commonwealth and the trial court here:

> In *Lutz*, 788 A.2d at 995, this Court took a different approach to expungement where the Commonwealth explicitly agreed to "dismiss" charges "as part of a negotiated plea bargain in exchange for his guilty plea to one count of aggravated assault." The defendant moved to expunge the dismissed charges; the trial

---

1. In a footnote, the *Hanna* decision explained that "[t]he *Wexler* factors 'include the strength of the Commonwealth's case against the petitioner, the reasons the Commonwealth gives for wishing to retain the records, the petitioner's age, criminal record, and employment history, the length of time that has elapsed between the arrest and the petition to expunge, and the specific adverse consequences the petitioner may endure should expunction be denied.'" *Hanna*, 964 A.2d at 926 (quoting *Wexler*, 431 A.2d at 879).

court denied the petition without a hearing. This Court affirmed, and relied extensively on the trial court's opinion for its reasoning.

The *Lutz* Court reasoned as follows. A *nolle prosse* is essentially a decision by the Commonwealth that there is insufficient evidence to support the charges at the present time, with the caveat that the Commonwealth may reinstate the charges later. *Id.* at 999. In contrast, the Commonwealth's decision to drop charges pursuant to a plea agreement carries no such implicit admission that proof is lacking. Rather, that decision is simply part of a bargain with the defendant to avoid a trial in exchange for a plea to lesser charges. *Id.* at 1000. Such a bargain is "quasi-contractual." If the court then expunged the dismissed charges, the court would "leave no accurate record of the contractual relationship entered into by [Appellant] and the Commonwealth." *Id.* "In the absence of an agreement as to expungement, Appellant stands to receive more than he bargained for in the plea agreement if the dismissed charges are later expunged." *Id.* at 1001. Thus, we held that the defendant was not entitled to expungement.

*Hanna,* 964 A.2d at 926–27. Also in discussing the *Lutz* decision, the *Hanna* opinion mentioned that *Lutz* "is arguably inconsistent with broad language from this Court and our Supreme Court, as well as the prevailing trend in our case law." *Id.* at 928 (footnotes omitted). However, it recognized that it was not free to ignore *Lutz* and because there were "factual questions of whether the parties entered into the type of 'quasi-contractual' agreement described in *Lutz*," a remand was necessary. *Id.* at 929.

¶ 7 Here, Appellant argues that the charges in this case were *nolle prossed* [2] and that the *Wexler* factors apply, but since the Commonwealth failed to present any evidence with regard to those factors, it has failed to carry its burden of showing why the arrest record should not be expunged. In opposition to Appellant's position, the Commonwealth claims that *Wexler* does not apply; rather, the Commonwealth asserts that *Lutz* is controlling because it was prepared to go to trial the day that the parties entered into the plea agreement. The Commonwealth claims that the plea bargain had been negotiated and that it was understood that the remaining charges would be dismissed in exchange for Appellant's guilty plea to summary harassment. We agree with the Commonwealth.

¶ 8 It is evident that the Commonwealth was prepared to go to trial and prove its case because the plea agreement was entered into on the day trial was scheduled to begin. Moreover, at the time Appellant and the Commonwealth entered into the plea agreement, the trial court stated that the remaining counts were dismissed. Additionally, as part of its decision denying Appellant's expungement petition, the court found that "the charges were dismissed as part of the plea agreement and were not *nolle prossed.*" Order, 6/30/09, at 2. As for the *nolle prosse* notation on the docket, it appears to have been a clerical error as similarly found in *Hanna.* Also as indicated by the court below, nothing on the record indicates that a *nolle prosse* was contemplated, requested or intended by the parties.

¶ 9 The present case differs from *Hanna* in that, in *Hanna,* this Court concluded that the state of the certified record was such that it could not determine what had

---

2. We note that in his statement of the question involved and in the summary of the argument section of his brief, Appellant uses the word "dismissed." However, in his argument he contends that the charges were *nolle prossed.*

actually occurred as to the plea agreement, *i.e.,* the guilty plea colloquy was not part of the record before this Court. Here, the appropriate transcripts are a part of the record and were reviewed by the court entertaining the petition for expungement. Beyond that, the court here reviewed the record, heard argument, received briefs from the parties that discussed the *Wexler/Lutz* dichotomy, and found that the charges at issue had been dismissed, not *nolle prossed.* Therefore, it concluded that the Commonwealth had carried its burden of proving that *Lutz* applied. *See Hanna,* 964 A.2d at 929 (stating that the Commonwealth bears the burden of proving on remand that *Lutz* applies). Based upon our review and the law as found in the above-noted cases, we are compelled to conclude that the court did not abuse its discretion in determining that Appellant's expungement petition should be denied. Accordingly, we affirm the court's order.

¶ 10 Order affirmed.