J. A18011/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JASON WILLIAM KALER, | : | No. 13 MDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered December 4, 2014,
in the Court of Common Pleas of Clinton County
Criminal Division at No. CP-18-CR-0000026-2003

BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND MUSMANNO, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED AUGUST 18, 2015**

Jason William Kaler appeals from the order of the Court of Common Pleas of Clinton County which denied his request to expunge charges from his arrest record.

On January 16, 2003, appellant was charged with criminal trespass,[1] a second-degree felony, criminal mischief,[2] a third-degree misdemeanor, and defiant trespass,[3] a third-degree misdemeanor.[4]  Appellant waived his

---

[1] 18 Pa.C.S.A. § 3503.  A person is guilty of criminal trespass if, *inter alia*, knowing that he is not licensed or privileged to do so, he breaks into any building or occupied structure or separately secured or occupied portion thereof.

[2] 18 Pa.C.S.A. § 3304.  A person is guilty of criminal mischief if he, *inter alia*, intentionally damages real or personal property of another.

[3] 18 Pa.C.S.A. § 3503(b)(1)(ii).  A person is guilty of defiant trespass if, *inter alia*, knowing that he is not licensed or privileged to do so, he enters

preliminary hearing on January 21, 2003. On May 8, 2003, one day before trial was to start, appellant completed and signed a standard Clinton County guilty plea colloquy form and pled guilty to defiant trespass. In Paragraph 8 of the guilty plea colloquy, appellant and the Commonwealth agreed that "all other charges would be dismissed 31 days after sentencing." (Guilty plea colloquy form, 5/8/03 at 7; R-9a.) On May 8, 2003, the trial court conducted a hearing and accepted appellant's plea. On June 16, 2003, a sentencing hearing was held. Appellant was sentenced to a term of incarceration of 1 day to 12 months. He was credited for time served, and on that same day, he was paroled to the supervision of the Clinton County Adult Probation Department. There was no discussion on the record pertaining to the disposition of the criminal trespass and criminal mischief charges at either hearing.

On May 30, 2014, appellant filed a petition for expungement of the criminal trespass and criminal mischief charges pursuant to Pa.R.Crim.P. 790(A). Appellant asserted that the charges which remained on his record negatively affected his ability to find employment. Appellant

---

or remains in any place as to which notice against trespass is given by enclosure manifestly designed to exclude intruders.

[4] Appellant allegedly forcibly entered a private residence, by breaking through a locked door, because he believed the occupant took his cell phone. Appellant took a DVD player. Prior to the police contacting him, appellant took the DVD player back and started to fix the door. (Sentencing transcript, 6/16/03 at 4; R-56a.)

attached a copy of his Pennsylvania State Police Criminal History Record to the petition for expungement in accordance with Pa.R.Crim.P. 790(A)(1)(3).[5]

The Commonwealth filed objections pursuant to Pa.R.Crim.P. 790(B). The Commonwealth argued that the criminal trespass and criminal mischief charges should not be erased from appellant's criminal history records because those charges were "dismissed" as part of a plea agreement. *Commonwealth v. Waughtel*, 999 A.2d 623 (Pa.Super. 2010); *Commonwealth v. Lutz*, 788 A.2d 993 (Pa.Super. 2001).

Appellant disputed that the criminal trespass and criminal mischief charges were dismissed. He asserted that the plea and sentencing hearing transcripts did not reflect the disposition of the remaining two charges. Thus, it was unclear whether the charges were dismissed pursuant to the plea agreement, as opposed to having been withdrawn or *nolle prossed*. Appellant also argued that the *Lutz* case was inapposite because in that case, Chad Lutz had pled guilty to aggravated assault in exchange for the dismissal of the charges of criminal attempt to commit homicide, simple assault, recklessly endangering another person, and possessing an instrument of a crime. Appellant argued that by pleading guilty to aggravated assault (the more serious charge), Lutz had, in effect, admitted guilt to two of the lesser included offenses of simple assault and recklessly

---

[5] The State Police Criminal History Record indicated that the criminal trespass and criminal mischief charges were "[d]ismissed" on April 11, 2005. (State Police Criminal History Record, 4/19/14 at 2; R-25a.)

endangering another person. The **Lutz** court found that denial of expungement with respect to the two lesser included offenses was proper in that circumstance. Appellant gleaned from **Lutz** that the denial of a request for expungement is only proper when the plea bargain includes the dismissal of lesser included offenses. He argued that since he pled guilty to the lesser charge, this did not imply his guilt to the other charges of criminal trespass (a felony), and criminal mischief. Therefore, expungement was proper.

After a review of the record, consideration of relevant case law, and oral argument,[6] the trial court denied appellant's petition. The court concluded that the criminal trespass and criminal mischief charges were "dismissed" as part of the plea agreement, not **nolle prossed**. The trial court relied on the language of the guilty plea colloquy and noted that the record contained no motion by the Commonwealth for **nolle prosse** or trial court order granting **nolle prosse**.

> [A] review of the public file satisfies us by a preponderance of the evidence that Counts 1 and 2 were "dismissed" rather than "nol prossed." We make this finding based upon the language of the guilty plea statement executed by [appellant] which states that [appellant] understood "all other charges are dismissed thirty-one days after sentencing." Moreover, a thorough review of the transcripts indicates no oral or written motion by the Commonwealth for nol pros and no order from the Trial Court granting a nol pros. In fact, the record,

---

[6] No evidence was presented. The Commonwealth stipulated that appellant "would testify that there was a negative effect on his ability to find employment because the charges remained on this record." (Transcript of proceedings, 11/26/14 at 2.)

with the exception of the guilty plea colloquy, is totally silent as to what happened with regard to Counts 1 and 2. The Commonwealth's suggestion that the State Police record itself proves the charges were 'dismissed' is of little persuasion.[7]

As in ***[Commonwealth v] Waughtel***, [999 A.2d 623 (Pa.Super. 2010)] [appellant] was permitted to plead to a lesser included charge and was sentenced accordingly. As part of the sentence, [appellant] was ordered to pay restitution for damages to a door which damage is specifically averred in Count 2 Criminal Mischief. At no time did [appellant's] counsel argue that restitution would not be appropriate with respect to Count 3 only.

As in ***Waughtel***, the contractual relationship entered into by [appellant] and the Commonwealth was that [appellant] could avoid a trial in exchange for a plea to Count 3 only. There being no discussion of expungement in the record, [appellant] would receive more than he bargained for in the plea agreement if the dismissed charges were expunged.

Trial court order, 12/4/14 at 2.

On appeal, appellant raises one issue:

> I.    DID THE TRIAL COURT ABUSE ITS DISCRETION WHEN IT DENIED THE APPELLANT'S PETITION FOR EXPUNGEMENT OF HIS NON-CONVICTION CRIMINAL HISTORY/ ARREST RECORD?

Appellant's brief at 4.

---

[7] The Commonwealth relied, in part, on information contained in the State Police Criminal History Record. Counsel argued: "both the felony criminal trespass and the misdemeanor criminal mischief, both have dispositions listed as dismissed. And so at some point, somebody dismissed those charges." (Hearing transcript, 11/26/14 at 9; R-92a.)

In expungement matters, we review the decision of the trial court for an abuse of discretion. ***Commonwealth v. Wolfe***, 749 A.2d 507, 509 (Pa.Super. 2000).

The law in this Commonwealth with respect to the expungement of charges that were dismissed as part of a negotiated plea agreement is well settled. Where the Commonwealth agrees to dismiss charges as part of a negotiated plea agreement in exchange for a guilty plea, a defendant is generally not entitled to expungement of the dismissed charges.[8] ***Lutz***, 788 A.2d at 1000. A plea agreement is quasi-contractual in nature and expungement of the charges in those circumstances would "obliterate or seal any record of those charges and thus leave no accurate record of the contractual relationship entered into by the [appellant] and the Commonwealth." ***Id.***

---

[8] The ***Lutz*** court explained the difference between requests for expungement of charges that are ***nolle prossed*** and charges that the Commonwealth agrees to dismiss under a plea agreement. The court explained: "a ***nolle prosequi*** is a voluntary withdrawal by the prosecuting attorney" which is "traditionally only . . . used in situations in which the Commonwealth finds it has insufficient evidence to proceed with a prosecution." ***Lutz***, 788 A.2d at 999. In cases where the charges are ***nolle prossed***, the trial court, under ***Commonwealth v. Wexler***, 431 A.2d 877, 879-880 (Pa. 1981), balances the individual's right to be free from the harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records using the multi-factor test. It is the Commonwealth's burden to prove by clear and convincing evidence that a ***Wexler*** balancing test is not required and that ***Lutz*** applies. ***Commonwealth v. Hanna***, 964 A.2d 923, 929 (Pa.Super. 2009).

In **Waughtel**, this court applied **Lutz** in a case with facts nearly identical to the facts presented here.  In **Waughtel**, James Waughtel was charged with three counts of aggravated assault, three counts of simple assault, and one count of harassment as a result of an incident that occurred during his employment as a prison guard.  On the day of trial, Waughtel entered into a plea agreement and pled **nolo contendere** to summary harassment.  Although the docket indicated that the remaining charges were **nolle prossed**, the notes of testimony revealed that the trial judge actually dismissed the remaining counts.  There was no discussion on the record that the Commonwealth requested that the charges be **nolle prossed.**  **Waughtel**, 999 A.2d at 624.

Waughtel filed a petition requesting expungement of the charges on his record which he contended adversely affected his employment, livelihood, and reputation.  **Id.**  The trial court reviewed the transcripts and determined that the charges were dismissed as part of a plea agreement.  **Id.** at 626.  The trial court concluded that **Lutz** precluded expungement of the dismissed charges.

On appeal to this court, Waughtel insisted that the charges were **nolle prossed**.  He argued that the Commonwealth failed to meet its burden under **Wexler** to demonstrate why the arrest record should not be expunged.  This court affirmed the trial court's determination that the charges were dismissed noting that the trial court based its determination on

its review of the record. Because the transcripts clearly confirmed that the remaining charges were dismissed as part of the plea bargain as opposed to being *nolle prossed*, *Wexler* did not apply and *Lutz* precluded expungement.

Appellant contends that *Lutz* and *Waughtel* are not controlling because "a review of the transcripts of both appellant's plea and sentencing hearings, which included multiple recitations of the applicable plea agreement, indicates unequivocally that the [remaining] charges were not dismissed by the [trial] Court." (Appellant's brief at 15.) He argues that "defendants cannot unilaterally cause the dismissal of their own charges; rather, dismissal of charges requires court action. *See* Pa.R.Crim.P. 109, 319, 586, 587, etc."[9] (Appellant's brief at 15.) He contends that neither the trial court nor the Commonwealth caused the non-conviction charges to be dismissed. He contends if the charges were, in fact, dismissed as part of the plea agreement, there would be a court order in the record. Alternatively, appellant asserts that *Hanna* applies and the case should be remanded to the trial court to make a clear record as to whether charges were

---

[9] Pa.R.Crim.P. 109 clarifies when a defendant may be discharged or a case dismissed due to a defect in form, content, or procedure. Pa.R.Crim.P. 319 sets forth the procedure for obtaining dismissal of charges upon completion of ARD. Pa.R.Crim.P. 586 sets forth the criteria a defendant must satisfy before the court has the discretion to dismiss charges that are not alleged to have been committed by force or violence or threat thereof. Pa.R.Crim.P. 587 authorizes a court to dismiss the prosecution for untimely filing of information.

***nolle prossed***. He argues that "none of the recitations of the plea agreement placed on the record indicate whether the remaining charges were to be dismissed, withdrawn or ***nolle prossed***." (Appellant's brief at 16.)

We have carefully reviewed the record and find that it fully supports the trial court's conclusion that the criminal trespass and criminal mischief charges were dismissed as opposed to withdrawn or ***nolle prossed***.

First, there is no law or rule which requires the trial court to reduce a plea agreement to a written order, or enter a separate order formally dismissing charges that the Commonwealth has agreed to drop pursuant to a plea agreement.[10] The guilty plea colloquy is made part of the record and serves as evidence of the parties' agreement. Ordinarily, when a defendant enters a guilty plea to one or more charges, disposition of the remaining charges is discussed at the plea hearing. Admittedly, that did not happen here as the transcripts are silent as to what happened to the criminal trespass and criminal mischief charges. Nevertheless, we do not believe this necessitates a remand because we are satisfied, based on our review of the

---

[10] The criminal rules cited by appellant apply to the trial court's authority, prior to trial or before a verdict is reached, to terminate the proceedings against a defendant. They have no bearing on whether the trial court is required to enter a written order dismissing charges that the Commonwealth has agreed to drop pursuant to a plea agreement where the dismissal does not terminate the proceedings.

record as a whole, that the remaining charges were dismissed as opposed to **nolle prossed**.

The guilty plea colloquy was part of the record. It stated incontrovertibly that: "all other charges are dismissed thirty-one days after sentencing." It was clear from the language of the guilty plea colloquy that appellant pled guilty only to the defiant trespass charge and that "all other charges" was a reference to the criminal trespass and criminal mischief charges.[11] When charges are **nolle prossed**, there will be some indication on the record that the Commonwealth dropped these charges because it did not have sufficient evidence to proceed to trial on the criminal trespass and criminal mischief charges. Here, the Commonwealth negotiated the plea agreement one day before jury selection was to take place. Appellant admitted at the May 8, 2013 guilty plea hearing that he forcibly broke into the victim's apartment by kicking in her back door and in the process damaged her door and lock. Appellant agreed to pay restitution for the damage he caused as set forth in the criminal mischief charge. These same facts formed the underlying basis for all three charges. There is nothing to suggest that the Commonwealth was not prepared to proceed to trial on all

---

[11] Moreover, the Pennsylvania State Police Criminal History Record indicated that the criminal trespass and criminal mischief charges were "dismissed." Unlike the trial court, we see no reason not to rely on a State Police Criminal History Record or to doubt its accuracy. 37 Pa.Code § 195.2 requires the repository to maintain a complete and accurate criminal record as to the disposition of each criminal charge brought against an individual.

three charges. In fact, appellant's counsel conceded at the sentencing hearing on June 16, 2013, that no jury would find appellant not guilty.

> THE COURT: Maybe a jury will find him not guilty.
>
> [APPELLANT'S COUNSEL]: Judge, there's no doubt that he went into a residence when he got mad because he thought that woman stole his cell phone; but prior to the police even contacting him, he apologized, took the DVD player back --
>
> THE COURT: I understand.
>
> [APPELLANT'S COUNSEL]: -- and started to fix the door.

Hearing transcript, 6/16/03 at 4; R-56a.

Unlike in **Hanna**, the record is sufficiently clear. In **Hanna**, this court concluded that the state of the certified record was such that it could not determine what had actually occurred as to the plea agreement, **i.e.**, the guilty plea colloquy was not part of the record before this court. Here, however, the guilty plea colloquy was made part of the record and stated indisputably that: "all other charges are dismissed thirty-one days after sentencing." Further, as the trial court noted, there was neither a petition requesting nor order granting **nolle prosse**. Section 8932 of the Judicial Code prohibits the district attorney from entering a **nolle prosse** <u>without court approval</u> at any time after the filing of an information. That section provides:

> After the commencement of a criminal matter by the filing of an information or otherwise, the district attorney shall not enter a **nolle prosequi** or dispose

> of the matter or discharge a prisoner from custody
> by means of a proceeding in lieu of a plea or trial
> without having obtained the approval of the court.

42 Pa.C.S.A. § 8932. If the criminal mischief and criminal trespass charges were disposed of by **nolle prosse**, the record would contain an appropriate motion and evidence of the court's approval.

Finally, Appellant urges that expungement of the second degree felony charge is proper here because when he pled guilty to defiant trespass, he did not, in effect, admit any facts that formulate the basis of criminal trespass. He contends that the trial court abused its discretion because it failed to consider the lesser included nature of the charge to which he pled guilty when it denied his expungement request. He argues that in denying expungement, the court in **Lutz** placed "significant emphasis" on Chad Lutz's guilty plea to aggravated assault, the underlying facts of which constituted culpability for the dismissed charges of simple assault and recklessly endangering another person. (Appellant's brief at 11.) He claims that in the instant case, he pled guilty to the lesser charge of defiant trespass, and thus, his guilty plea did not admit to any facts that would demonstrate culpability for criminal trespass. Therefore, unlike in **Lutz**, there was no admission of culpability on the remaining charges that precluded expungement.

Contrary to appellant's interpretation, **Lutz** does not stand for the proposition that expungement of dismissed charges is precluded only where

the guilty plea involves a charge that is more serious than the dismissed charges. In fact, *Waughtel*, which relied on *Lutz*, involved the same circumstances as presented here. There, James Waughtel pled guilty to a lesser charge of summary harassment in exchange for the dismissal of aggravated assault and simple assault charges. As in the instant case, the Commonwealth bargained with appellant to avoid a trial on the more serious charge in exchange for a plea to a lesser charge. The fact that appellant pled guilty to a lesser charge does not mandate expungement of the more serious charge.

Based upon the foregoing, we conclude that the trial court did not abuse its discretion in determining that the Commonwealth had carried its burden of proving that *Lutz* applied and that appellant's expungement petition should be denied. Accordingly, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

JosephD.Seletyn,Esq.
Prothonotary

Date: 8/18/2015

- 13 -