# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania          :
                                      :
          v.                          :    No. 134 C.D. 2016
                                      :    Submitted: August 19, 2016
Seth Steinman,                        :
                    Appellant

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                  **FILED:    October 18, 2016**

          Seth Steinman (Steinman), representing himself, appeals from an order of the Court of Common Pleas of Philadelphia County (trial court)[1] affirming the denial of his petition to expunge a charge on his criminal record.[2]  Citing Commonwealth v. Wallace, 97 A.3d 310 (Pa. 2014), the trial court reasoned Steinman, a convicted rapist and inmate at a state correctional institution, had no immediate right to petition for expungement of his arrest in 1982 for an alleged violation of a local ordinance.  Steinman contends that Wallace is distinguishable from the present case and that the trial court abused its discretion in dismissing his petition.  Steinman also asserts the trial court's order runs afoul of the double

---

[1] The Honorable Michael E. Erdos presided.

[2] By order dated August 12, 2016, this Court precluded the Commonwealth, as appellee, from filing a brief in this matter.  The Court based its order on the Commonwealth's failure to comply with a previous order requiring that it file a brief within 14 days.

jeopardy provisions of the United States and Pennsylvania constitutions. Upon review, we affirm.

**Background**

In May 2005, a Philadelphia common pleas court convicted Steinman of rape, sexual assault and simple assault and sentenced him to a minimum 10-year prison sentence. He is currently incarcerated at a state correctional facility.

In February 2015, while incarcerated, Steinman filed a petition to expunge a criminal charge from his record. Specifically, Steinman sought to expunge reference to a 1982 arrest for alleged violation of a Philadelphia criminal ordinance. Steinman alleged a court dismissed the charge in August 1984. In April 2015, the trial court entered an order denying Steinman's petition for expungement.

Steinman appealed the denial of his petition. In an opinion in support of its order, the trial court acknowledged that the Pennsylvania Supreme Court considers the right to petition for expungement of an individual's criminal records to be an adjunct of due process. Carlacci v. Mazaleski, 798 A.2d 186 (Pa. 2002). However, the trial court also noted, a prison inmate does not enjoy the same level of constitutional protections afforded to free citizens. Payne v. Dep't of Corr., 871 A.2d 795 (Pa. 2005). Imprisonment carries with it the loss of many significant rights in order to accommodate institutional needs, including internal security. Id.

The trial court also recognized the Supreme Court recently held that due process does not guarantee a prison inmate the right to petition for expungement. Wallace. The Court reached this conclusion after applying the balancing test established by the U.S. Supreme Court in Mathews v. Eldridge, 424 U.S. 319 (1976), for determining whether state action violated constitutional due process guarantees. On one hand, a prisoner has a protected private interest in preserving his reputation. However, the risk of depriving a prisoner of this interest by not granting him an immediate right to petition for expungement would be minimal because nothing would prevent him from refiling his petition after his release. Wallace. In addition, a prisoner has other avenues available to him while incarcerated to restore his reputation before reentering society, such as education programs, community reentry programs and release preparation programs. Id.

The Wallace Court further recognized the government had well-founded interests in denying expungement while a person is incarcerated, including the availability of a complete criminal record for purposes of determining misconduct penalization and parole eligibility. Financial and security interests in transporting inmates to expungement proceedings must also be considered. Id.

Summarizing, the trial court believed it correctly denied Steinman's petition for expungement because he is currently serving a state prison sentence for

rape.  Under these circumstances, due process affords Steinman no immediate right to petition for expungement.  <u>Wallace</u>.  Steinman appeals.[3]

**Discussion**

Steinman contends <u>Wallace</u> is distinguishable from the present case and therefore the trial court abused its discretion in denying his petition for expungement.  Should the trial court's order be permitted to stand, Steinman asserts his record will contain fraudulent information which could be considered by the Pennsylvania Board of Probation and Parole (Parole Board) in making a parole decision.  As such, Steinman could be punished for matters in which he was acquitted or the charges dropped.  Therefore, Steinman argues the constitutional magnitude of the denial of his expungement request extends past due process and into the realm of double jeopardy.  To that end, Steinman acknowledges the drafters of the U.S. Constitution may have associated double jeopardy strictly with court proceedings.  Nonetheless, Steinman argues, given the vast power of the Parole Board today, double jeopardy must attach "past the front door of any courtroom."  Appellant's Br. at 7.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides in part: "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb …."  U.S. CONST. amend V.  Similarly, Article I, Section 10 of the Pennsylvania Constitution provides in part:

---

[3] The decision to grant or deny a request for expungement of a criminal record lies within the sound discretion of the trial judge.  <u>Commonwealth v. Waughtel</u>, 999 A.2d 623 (Pa. Super. 2010).  Accordingly, we review the trial court's order for an abuse of discretion.  <u>Id.</u>

4

"No person shall, for the same offense, be twice put in jeopardy of life or limb …." PA. CONST. art. I, §10.

In Rivenbark v. Pennsylvania Board of Probation and Parole, 501 A.2d 1110 (Pa. 1985), a parolee argued that the imposition of separate periods of recommitment based upon the same act violated the Double Jeopardy Clause. There, the Supreme Court noted, the prohibition of double jeopardy consists of three distinct constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. It also protects against multiple punishments for the same offense. Id.

The Rivenbark Court reasoned that the first two protections were inapplicable because a parole revocation hearing is not a criminal proceeding. See Morrissey v. Brewer, 408 U.S. 471 (1972). Rather, the granting and rescinding of parole are purely administrative functions. Rivenbark. Parole is a penological measure for the disciplinary treatment of prisoners deemed capable of rehabilitation outside of prison. Id. Further, in a parole revocation proceeding, the Board does not convict a parolee of a crime. Id. It simply determines whether the parolee violated the terms and conditions of his parole, thus demonstrating himself unfit for that method of correctional rehabilitation. Id.

Moreover, a recommitment is not a second punishment for the original offense and does not affect the original judicially imposed sentence. Id. Rather, recommitment constitutes an administrative decision that a parolee should

5

be returned to prison to serve all or part of the unexpired term of his original sentence.  Id.  Therefore, the concept of double jeopardy is inapplicable to parole revocation and recommitment proceedings.  Santo v. Pa. Bd. of Prob. & Parole, 568 A.2d 296 (Pa. Cmwlth. 1990) (citing Rivenbark).

Nevertheless, Steinman also contends an accurate criminal record should be of the utmost importance to both the Commonwealth and a criminal defendant or an incarcerated inmate.  Because an inmate could be further penalized based on his criminal record, the need for an accurate, rather than a fraudulent criminal record, must be a paramount concern for all parties.  Therefore, Steinman asserts he should be entitled to the expungement of criminal charges of which he was acquitted regardless of whether he remains incarcerated.  See Commonwealth v. D.M., 695 A.2d 770 (Pa. 1997) (in cases of acquittal, a defendant is automatically entitled to expungement of his arrest record); Commonwealth v. Armstrong, 434 A.2d 1205 (Pa. 1981) (person who successfully completed an accelerated disposition program is entitled to expungement of record); Commonwealth v. Rodland, 871 A.2d 216 (Pa. Super. 2005) (Commonwealth may avoid expungement in cases of partial acquittal only when it demonstrates to the trial court that expungement is impractical or impossible under the circumstances).

In Wallace, the Superior Court initially concluded that some of the appellee's non-conviction arrest records may be eligible for expungement.  The appellee, an inmate incarcerated in a federal prison, had a vast criminal history including both state and federal convictions.  The Superior Court remanded the case for a clarification of which charges were subject to expungement.  The

6

Superior Court also directed the trial court to apply the balancing test set forth in Commonwealth v. Wexler, 431 A.2d 877 (Pa. 1981)[4] to determine whether justice required expungement as to those charges.

On appeal, the Supreme Court reversed. The Wallace Court ultimately determined an inmate does not have a due process right to petition for expungement while incarcerated. In reaching this determination, the Court applied the three-factor test[5] in Mathews for determining whether state action violates the due process guarantees of the Fourteenth Amendment.

The Supreme Court's rationale in Wallace is controlling in the present case. Steinman is currently serving a state prison sentence in a state correctional institution for rape. Although Steinman has a protected interest in his reputation, he may file a petition for expungement upon his release. In addition, Steinman's

---

[4] In Commonwealth v. Wexler, 431 A.2d 877 (Pa. 1981), the Supreme Court noted the decision to grant or deny expungement fell within the discretion of the trial court, which must balance the individual's right to be free from the harm flowing from the maintenance of the arrest record with the Commonwealth's interest in preserving such records. The factors to be considered were: (1) the strength of the Commonwealth's case against the individual; (2) the Commonwealth's reasons for wanting to retain the records; (3) the individual's age, criminal record and employment history; (4) the length of time between the individual's arrest and his petition to expunge; and, (5) the adverse consequences the individual may endure if expungement is denied. Id.

[5] In Mathews v. Eldridge, 424 U.S. 319 (1976), the U.S. Supreme Court resolved, when determining whether state action violates the due process guarantees of the Fourteenth Amendment, the following factors must be considered: (1) the private interest that will be affected by the state action; (2) the risk of erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional procedural safeguards; and, (3) the government's interest, including the function involved and the fiscal and administrative burdens that additional procedural safeguards would necessitate.

7

complete criminal record, including arrests on charges that did not result in convictions, may be relevant should he engage in criminal behavior while in prison or become eligible for release on parole. <u>Id.</u> Also, the financial and security costs of transporting Steinman to the trial court cannot be overlooked.

For the above reasons, we discern no abuse of discretion by the trial court in denying Steinman's petition for expungement. Accordingly, we affirm.

---

ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania        :
       :
      v.               :    No. 134 C.D. 2016
       :
Seth Steinman,              :
             Appellant

# **O R D E R**

**AND NOW**, this 18th day of October, 2016, for the reasons stated in the foregoing opinion, the order of the Court of Common Pleas of Philadelphia County is **AFFIRMED**.

 

_____
ROBERT SIMPSON, Judge