J-A12020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VSEVOLOD SERGEE GARANIN | : | |
| | : | |
| Appellant | : | No. 337 MDA 2020 |

Appeal from the Order Entered January 16, 2020
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0002642-2017

BEFORE: LAZARUS, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:        **FILED: July 30, 2021**

Vsevolod Sergee Garanin appeals from the order, entered in the Court of Common Pleas of Lackawanna County, denying his expungement petition. After careful review, we affirm.

The trial court set forth the underlying facts of this case as follows:

On April 4, 2016[, Garanin] purchased an "Ultrapack Insurance Policy" from Erie Insurance Group for a four[-]unit rental property on [] Ripple Street [in] Scranton, PA. This policy became effective beginning April 4, 2016. Subsequently, on October 14, 2016, [Garanin] submitted an insurance claim for four [] freeze[-]damaged boilers at the insured property, and Erie Insurance Group generated Claim #010930293601. [Garanin] claimed that the boilers were damaged by sub-freezing temperatures that occurred in April of 2016. On November 1, 2016, inspection revealed that the freezing damage to the boilers occurred prior to[,] or during[,] March 2016, prior to the issuance of the policy. Moreover, [Garanin]'s "handyman" and plumber confirmed that the[ boilers] were in the building in March 2016 and that[,] when [he] tried to fire the[m,] they were cracked and damaged. [Garanin] willingly made this fraudulent [insurance] claim, with

misleading support, to obtain a loss payment of $35,800.00[1] for damages that occurred before his insurance policy was in effect. [Garanin] had numerous opportunities to correct the deception[,] but chose to not do so.

[On June 7, 2017, the Commonwealth charged Garanin with three third-degree felonies: theft by deception—false impression, *see* 18 Pa.C.S.A. § 3922(a)(1); theft by deception—failure to correct, *see* 18 Pa.C.S.A. § 3922(a)(3); and, insurance fraud, *see* 18 Pa.C.S.A. § 4117(a)(2). On May 17, 2018, the Commonwealth's attorney sent a letter to defense counsel formalizing a final offer of a plea to criminal attempt—theft by deception—failure to correct, *see* 18 Pa.C.S.A. § 901(a), a first-degree misdemeanor, in exchange for Garanin's promise to: (1) pay $20,000.00 to the Northeastern Pennsylvania (NEPA) Insurance Fraud Task Force; (2) withdraw any and all civil lawsuits against the Scranton Housing Authority; (3) perform 20 hours of community service in Lackawanna County prior to his sentence date; and (4) dissolve his corporation, Ukrapprop 2 LLC. The Commonwealth's offer letter stated that, "in addition, the Commonwealth will be willing to **drop all other charges not listed herein**." *See* Special Prosecutor's Plea Offer Letter, 5/17/18, at 2 (emphasis added).]

On June 6, 2018, pursuant to [the proffered] plea agreement, the Commonwealth dismissed two of the three charges: theft by deception—false impression [] and insurance fraud[.] Furthermore, the Commonwealth amended the remaining charge to a [first-degree] misdemeanor grading, wherein [Garanin] entered a guilty plea to criminal attempt—theft by deception—failure to correct[.] On January 8, 2019, after a thorough review of the pre-sentence investigation report, Sentencing Guidelines, [Garanin's] history and characteristics[,] and the underlying nature of [Garanin]'s offense, th[e trial] court sentenced [Garanin] to the restrictive intermediate punishment program for a four[-]year probationary period with the following restrictive conditions: three [] months['] incarceration, three [] months['] Lackawanna County house arrest program, pay restitution to Erie

---

[1] Garanin claims that the trial court was mistaken insofar as it found that he actually **received** the fraudulent insurance payment. *See* Appellant's Brief, at 15 n.2 ("The fact is[,] Garanin **did not receive any payment**, which is presumably why the Commonwealth agreed to reduce the guilty plea charge to [an attempt].") (emphasis added). We acknowledge that there is no proof in the record of Garanin's receipt of payment.

Insurance Group for the amount of $5,413.00,[2] and refrain from the use of drugs and alcohol. Thereafter, on June 25, 2019[, Garanin] filed a petition to expunge[,] requesting to fully expunge arrests and other court records pertaining to the two [] *nolle prossed*[3] charges of theft by deception—false impression [] and insurance fraud[.]

_____

[2] The trial court ordered Garanin to pay restitution to Erie Insurance Group in the amount of $5,413, the cost of hiring an expert to examine the boilers.

[3] We note that the trial court imprecisely used the term "*nolle prossed*," where it intended to characterize the charges as "withdrawn pursuant to a plea agreement." **See** Trial Court Order, 1/16/20, at 1 n.1. Indeed, the trial judge's Pa.R.A.P. 1925(a) opinion, authored by President Judge Michael J. Barrasse, explains the difference between these terms in greater detail, and how the terms have been improperly used interchangeably within the county's system of notation:

> [P]ursuant to Lackawanna County practice[,] the notation on the guilty plea colloquy "all other charges N.P.," [or any mention of *nolle prosse*] on the docket[] and in th[e trial] court's January 16, 2020 order[,] **is nomenclature for the Commonwealth's decision to drop/dismiss charges pursuant to a plea agreement, and**[,] as the record indicates[,] **carries no such implicit admission** [by the Commonwealth] **that proof is lacking**. [**See, e.g.**, **Commonwealth v. Waughtel**, 999 A.2d 623, 626 (Pa. Super. 2010) ("A *nolle prosse* is essentially a decision by the Commonwealth that there is insufficient evidence to support the charges at the present time, with the caveat that the Commonwealth may reinstate the charges later. In contrast, **the Commonwealth's decision to drop charges pursuant to a plea agreement carries no such implicit admission that proof is lacking**.") (citation omitted; emphasis added); **compare Commonwealth v. Rega**, 856 A.2d 1242, 1245 n.10 (Pa. Super. 2004) ("A *nolle prosequi* is a voluntary withdrawal by the prosecuting attorney of proceedings on a particular bill or information, which can[,] at anytime[,] be retracted to permit revival of proceedings on the original bill or information.") (citation omitted).]

*(Footnote Continued Next Page)*

> [After] a hearing on [Garanin]'s petition on July 30, 2019[,] th[e trial] court issued a denial of [Garanin]'s expungement petition on January 16, 2020[.] On February 18, 2020[, Garanin] filed a timely notice of appeal.

Trial Court Opinion, 9/23/20, at 2-3 (unnecessary capitalization and internal citations omitted). On March 9, 2020, the trial court ordered Garanin to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[4] The court issued its Rule 1925(a) opinion on September 23, 2020.

_____

> The record [in the case *sub judice*] reveals **this notation is simply part of a bargain** with [Garanin] **to avoid a trial in exchange for a plea to lesser charges**. *See* [] ***Waughtel***, [***supra*** at] 626-[]27[.] Th[e trial] court further acknowledges that[, although] this nomenclature is confusing, [] a *nolle prosse* occurs via separate court order signed by the Commonwealth and th[e c]ourt, [***see*** Pa.R.Crim.P. 585,] and does not have the same implications as dismissal of charges due to a plea agreement. [***See Waughtel***, ***supra***]. [Here, a] separate *nolle prosse* order does not exist[, and] dismissal of charges pursuant to a plea agreement occurred[,] with no agreement [between Garanin and the Commonwealth] as to expungement[.] **In recognition of the distinction between plea agreements and *nolle prosse* situations, th**[**e trial**] **court will direct Lackawanna County** [**courts**] **to cease nomenclature practice of the term *nolle prosse* in future criminal matters and utilize the word "dismissed" when applicable.**

Trial Court Opinion, 9/23/20, at 3 n.1 (unnecessary capitalization omitted; emphasis added).

[4] On March 28, 2020, Garanin mailed his Rule 1925(b) statement to the Lackawanna County clerk of judicial records for filing and served it on the trial judge via first-class mail, facsimile, and email. However, due to the COVID-19 pandemic, it was not filed of record in the clerk's office until March 31, 2020. Nonetheless, on March 16, 2020, President Judge Michael J. Barrasse issued an Emergency Judicial Order, in accord with the Order of the Supreme Court of Pennsylvania, ***see In re General Statewide Judicial Emergency***, 228 A.3d 1280 (Pa. 2020), authorizing the court to declare a Judicial Emergency in the 45th Judicial District as a result of the COVID-19 pandemic
*(Footnote Continued Next Page)*

On appeal, Garanin raises the following issues for our review:

1. Whether the Commonwealth failed to meet its burden of proving that [**Commonwealth v.**] **Lutz**[, 788 A.2d 993 (Pa. Super. 2001),] applies, and[,] as such[,] whether the trial court's primary reliance on [**Lutz**] was misguided.

2. Whether the trial court erred and/or abused its discretion in finding that[,] in the absence of an express agreement as to expungement, [Garanin] stands to receive more than he bargained for in the plea agreement if the *nolle prossed*[5] offenses are later expunged.

3. Whether the trial court erred and/or abused its discretion in finding that there is no implicit or express admission that the Commonwealth lacks evidentiary support to convict [Garanin] of the *nolle prossed*[6] offenses, and, in the alternative, whether a plausible interpretation of the record establishes it is possible the Commonwealth concluded that it could not meet its burden to convict Garanin of the *nolle prossed*[7] charges.

4. Whether the trial court abused its discretion [or committed an error of law] in denying [Garanin]'s petition to expunge under the circumstances of this case.

Appellant's Brief, at 4-5 (edited for clarity; some issues reordered and combined).

---

mandating, *inter alia*, as follows:  "IT IS HEREBY ORDERED as follows:  Time calculations for the purposes of time computation within this Judicial District for the filing of documents with the Court or taking other judicially mandated action are hereby suspended beginning March 16, 2020 up to and including April 10, 2020."  **In re the 45th Judicial District**, No. 2020 MD 122, at 1 (Lacka. Co. March 16, 2020).  Since it was filed prior to April 10, 2020, we will consider Garanin's Rule 1925(b) statement timely filed.

[5] **See supra**, at n.3.

[6] **See id.**

[7] **See id.**

In his first issue, Garanin challenges the trial court's application of *Lutz*, *supra*, to the facts of his case. Garanin claims that, contrary to the trial court's findings, the Commonwealth has no interest in seeing his charges remain on his criminal arrest record. Garanin cites to two facts in support of his claim. First, Garanin notes that he complied with all conditions of his plea agreement. Specifically, Garanin explains that the Commonwealth was willing to "drop" the charges if Garanin dissolved his LLC—Ukrapprop 2—prior to his sentencing, which Garanin did. Second, Garanin points to the fact that the Commonwealth amended the original charge to an "attempt" crime, which, he asserts, amounts to a tacit admission that the Commonwealth lacked evidentiary support to convict him of the originally charged felonies, further evidencing that the charges were *nolle prossed*, rather than dropped/dismissed in connection with a plea. Garanin concludes that, because the charges were *nolle prossed* rather than dropped/dismissed in connection with a plea, the court should have applied the analysis set forth in *Commonwealth v. Wexler*, 431 A.2d 877 (Pa. 1981), rather than the rule announced in *Lutz*, and thus, remand is required. Alternatively, Garanin claims that he is entitled to a hearing on remand for a factual determination as to whether the charges were *nolle prossed* or dropped/dismissed. We disagree.

Our Supreme Court has previously set forth the well-settled appellate standard of review for a court's grant or denial of a petition to expunge a criminal arrest record:

There is a long-standing right in this Commonwealth to petition for expungement of a criminal arrest record, a right that is an adjunct of due process. The decision to grant or deny a petition to expunge rests with the sound discretion of the trial court, and we review that court's decision for abuse of discretion.

*Commonwealth v. Moto*, 23 A.3d 989, 993 (Pa. 2011) (citations omitted).

Judicial analysis and evaluation of a petition to expunge depend upon the manner of disposition of the charges against the petitioner. . . . When a prosecution has been terminated without conviction or acquittal, for reasons such as *nolle prosse* of the charges or the defendant's successful completion of an accelerated rehabilitative disposition program ([]ARD[]), then th[e Pennsylvania Supreme] Court has required the trial court to "balance the individual's right to be free from the harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records." [] *Wexler*, [*supra* at] 879[.]

*Id.* However, this Court has distinguished those cases where the prosecution has *nolle prossed* charges against the defendant from cases in which charges were dropped pursuant to a plea agreement, finding that *Wexler*, *supra*, controls the former situation, and *Lutz*, *supra*, controls the latter. *See, e.g.*, *Waughtel*, *supra* at 626-27 (citing *Commonwealth v. Hanna*, 964 A.2d 923, 926 (Pa. Super. 2009)).[8] In those cases where charges are dropped or dismissed pursuant to a plea agreement, we have found that expungement is

---

[8] The *Hanna* court reaffirmed the validity of *Lutz*'s precedential value. *See Hanna*, *supra* at 928-29 ("[W]e are not free to ignore *Lutz* outright, because it has not been overruled by this Court *en banc* or by our Supreme Court."). Because we have not located any contrary ruling, *Lutz* cannot be ignored here either.

inappropriate because "it obscures the true circumstances" under which the defendant was convicted.[9]  *Lutz*, *supra* at 1000.

As a preliminary matter, we must discern the manner of disposition of the charges against Garanin.  ***See Moto***, ***supra***.  ***See also Commonwealth v. Rodland***, 871 A.2d 216, 222 (Pa. Super. 2005) (remanding for clarification of record by trial court where written plea colloquy, particulars of plea agreement, and detailed opinion of court addressing manner of disposition of charges not included in certified record; specifically remanding for determining

---

[9] In *Lutz*, this Court agreed with the following analysis of the trial court in addressing the facts of that case:

> In this instance[,] the consideration received by the parties was that[,] in return for Appellant's guilty plea to the aggravated assault charge, the Commonwealth would move to dismiss the remaining charges.  Now[,] after the plea agreement has been consummated, Appellant apparently wishes to have part of the subject of the agreement destroyed; *i.e.*, **expungement of the dismissed charges would obliterate or seal any record of those charges and thus leave no accurate record of the contractual relationship entered into** by Appellant and the Commonwealth.
>
> What Appellant is requesting is tantamount to destroying the last nine pages of a ten-page contract and then requesting that the contract continue to be enforced based on the first page alone. We therefore hold that **where charges are dismissed pursuant to a plea agreement, those charges are not eligible for expunction**, as to destroy them would obscure the true circumstances under which Appellant has been convicted.

*Id.* at 1000 (unnecessary capitalization, brackets, and ellipsis omitted; emphasis added).

- 8 -

whether Appellant's charges were *nolle prossed* or dropped/dismissed in connection with *nolo contendere* plea).

Here, the trial court's January 16, 2020 order and subsequent Rule 1925(a) opinion reference the dropped charges as having been *nolle prossed*, ***see*** Trial Court Opinion, 9/23/20, at 2-3, the written guilty plea colloquy uses the notation "All other charges **N.P.** @ sent[encing]," Written Guilty Plea Colloquy, 6/6/18, at 2 (emphasis added), and the trial court docket refers to the two felonies at issue as being "*nolle prossed*.*" **See*** Trial Court Docket, at 3 (designating "final disposition" for "theft by decep[tion]—false impression" and "false/fraud/incomp[lete] insurance claim" as "*nolle prossed*").  However, the trial court nonetheless found that the charges were actually dropped or dismissed pursuant to a plea agreement, ***see supra*** at n.3, because:  (1) there was no record of a *nolle prosse* order as required by Pa.R.Crim.P 585(a) ("Upon motion of the attorney for the Commonwealth, the court may, in open court, **order a *nolle prosequi*** of one or more charges notwithstanding the objection of any person.") (emphasis added); (2) the Special Prosecutor's offer letter stated that the charges would be "dropped" pursuant to an agreement; and (3) the Commonwealth never conceded that it lacked the necessary evidence to proceed on the felony charges.[10]  Here, we agree with

_____

[10] At the hearing on Garanin's petition to expunge, the Commonwealth's attorney informed the court:

*(Footnote Continued Next Page)*

the trial court and discern no abuse of discretion, *see Moto*, *supra*, in its application of *Lutz* to the present facts, rather than *Wexler*.[11] *See Waughtel*, *supra* at 626-27 (affirming trial court application of *Lutz* where term "*nolle prosse*" appears in trial court record but court determined use of term was clerical error since no record of *nolle prosse* was contemplated, requested, or intended by parties). *See also Lutz*, *supra* at 999 (finding lack of evidence that Commonwealth requested *nolle prosequi* pursuant to Rule 585 in certified record supports determination that charges were dropped in connection with plea). Moreover, insofar as this Court has previously required the Commonwealth to prove by clear and convincing evidence that *Lutz* applies to any particular case, *see Hanna*, *supra* at 929, we are satisfied that the Commonwealth has met its burden in this case on these facts.

_____

> [A]s far as[] there being insufficient evidence to proceed with prosecution, that's not true. . . . There was no agreement to expunge the charges. It's not that we couldn't pursue the charges. We had the evidence to pursue the charges. We could prosecute it. It would be a different story if we didn't have the evidence to pursue those charges.

N.T. Hearing on Petition to Expunge, 7/30/19, at 5-7.

[11] This Court has previously explained that fact-finding is solely within the province of the trial court. *See Rodland*, *supra* at 221. Here, the trial court has already specifically found that the charges were dropped/dismissed in connection with Garanin's plea rather than *nolle prossed*. *See supra*, at n.3. As discussed previously, we agree that the record clearly supports this conclusion. Therefore, no remand is necessary, either for a fact-finding hearing, as in *Rodland*, or for a *Wexler* hearing applying the balancing test to *nolle prossed* charges. *Cf. Commonwealth v. Maxwell*, 737 A.2d 1243, 1245 (Pa. Super. 1999).

In his second issue, Garanin claims that the trial court erred insofar as it determined that Garanin stood to gain more than he bargained for if the court permitted expungement of his arrest records. Garanin is entitled to no relief on this claim either.

Indeed, in **Hanna**, this Court explained that:

> the Commonwealth's decision to drop charges pursuant to a plea agreement carries no such implicit admission that proof is lacking. Rather, that decision is simply part of a bargain with the defendant to avoid a trial in exchange for a plea to lesser charges. Such a bargain is quasi-contractual. If the court then expunged the dismissed charges, the court would leave no accurate record of the contractual relationship entered into by Appellant and the Commonwealth. **In the absence of an agreement as to expungement, Appellant stands to receive more than he bargained for in the plea agreement if the dismissed charges are later expunged**.

**Hanna**, **supra** at 927 (citations, quotation marks, and brackets omitted; emphasis added).

Here, we have already found that the trial court's ruling—that the charges were dropped pursuant to a plea agreement rather than were *nolle prossed*—is supported by the record. Therefore, the above-quoted reasoning from **Hanna** is directly applicable to the facts of Garanin's case. **See Hanna**, **supra** at 927. Indeed, at the hearing on Garanin's petition, the Commonwealth confirmed that there was no agreement that Garanin's felony charges would ever be expunged, **see** N.T. Hearing on Petition to Expunge, 7/30/19, at 6, 11-12, and we have located no evidence of such in the record. Consequently, we discern no abuse of discretion in the court's determination

that Garanin stood to gain more than he bargained for if the charges were expunged. **See Moto**, **supra**.

Next, Garanin claims that the trial court erred insofar as it determined that the Commonwealth did not expressly or implicitly admit that it lacked the evidentiary support to convict him of the ultimately dropped offenses. Garanin points out that the Commonwealth amended the only charge to which he pled guilty to an attempt, and in the written colloquy, alleged that Garanin "[**a**]**ttempted** to obtain payment by failing to correct a false impression on a report." Appellant's Brief, at 18 (emphasis added); **see also** Written Guilty Plea Colloquy, 6/6/18, at 3. Garanin asserts that the record establishes it was "possible the Commonwealth concluded that it could not meet its burden to convict Garanin" and that, pursuant to our decisions in **Hanna**, **supra**, and **Commonwealth v. Hollerbach**, 714 EDA 2017 (Pa. Super. 2017) (unpublished memorandum),[12] Garanin is entitled to an evidentiary hearing intended to resolve whether the charges were dropped pursuant to a plea agreement or if they were *nolle prossed*. Again, Garanin is entitled to no relief.

In **Hanna** and **Hollerbach**, we remanded for factual determinations because the record was insufficient to determine the initial manner of

---

[12] Although we recognize that non-precedential decisions filed after May 1, 2019, may be cited for their persuasive value pursuant to Pa.R.A.P. 126(b), "[a]n unpublished memorandum decision filed prior to May 2, 2019, shall not be relied upon or cited by a [c]ourt or a party in any other action or proceeding[.]" **See** I.O.P. 444.C; Pa.R.A.P.126(b). **Hollerbach** was filed on November 1, 2017; thus, Garanin cannot rely upon it for its persuasive value.

disposition of the *nolle prossed* or dismissed charges that is necessary prior to the court applying **Wexler** or **Lutz** to the Appellants' expungement petitions.

In **Hanna**, the record was inadequate because neither the guilty plea colloquy nor a clear recitation of the plea agreement was included in the certified record, and the hearing on the petition consisted largely of oral argument.

In **Hollerbach**, the Defendant was initially charged with several offenses. He filed a *habeas corpus* petition prior to accepting a plea deal to a single amended charge, where another charge was indicated as *nolle prossed* in the dockets. In that case, neither the guilty plea nor the Commonwealth's response to the *habeas corpus* motion was of record. This Court could not conclusively apply **Lutz** to the facts of that case, as the trial court had, because there existed two equally plausible interpretations of the record: (1) Hollerbach entered into a negotiated plea agreement whereby the Commonwealth dropped the charges in consideration for his plea, or (2) the Commonwealth concluded that it could not meet its burden to overcome Hollerbach's *habeas corpus* motion, and this may be the reason it *nolle prossed* and amended the charges. **See Hollerbach**, **supra** at \*5-\*6.

Here, we find Garanin's case is sufficiently distinguishable from **Hanna** and **Hollerbach**, and therefore, a remand for an evidentiary hearing is unnecessary. Garanin's quilty plea is of record, as is a recitation of the plea agreement by virtue of the Special Prosecutor's final plea offer letter. **See**

Special Prosecutor's Plea Offer Letter, 5/17/18, at 2; *cf. Hanna*, *supra*; *Rodland*, *supra*. Moreover, although the record in Garanin's case is replete with references to *nolle prossed* charges, the trial court adequately explained this anomaly. *See supra*, at n.3.

After our review of the record in this case, we are sufficiently convinced that Garanin's felony charges were dropped pursuant to a plea agreement based upon: (1) the prosecutor's statements to the court that there was no agreement as to expungement; (2) the use of the word "drop" in the plea offer letter; (3) the lack of a Rule 585 order or *nolle prosse* request in the record; and (4) the fact that Garanin did not file a *habeas corpus* petition. *Cf. Hollerbach*, *supra*. As we stated above, insofar as this Court has required the Commonwealth to prove by clear and convincing evidence that *Lutz* applies to any particular case, *see Hanna*, *supra* at 929, we are satisfied that the Commonwealth has met its burden in this case. Therefore, we discern no error or abuse of discretion. *See Moto*, *supra*.

Finally, Garanin claims that the trial court abused its discretion or committed an error of law in denying his petition to expunge under the circumstances of this case. Garanin's appellate brief includes six issues under the heading "Statement of the Questions Involved," but the argument portion of his brief only pertains to the three arguments that we have already

addressed above.  Thus, we find this issue waived.[13]  **See Commonwealth v. Knight**, 241 A.3d 620, 628-29 (Pa. 2020) (citing Pa.R.A.P. 2119(a)).

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/2021

---

[13] Even if not waived, we would find this issue meritless based on our analysis of Garanin's first three issues.  **See Waughtel**, **supra** at 626-27 (finding court did not abuse its discretion in applying **Lutz** to expungement petition filed in connection with charges dropped as result of plea agreement rather than *nolle prosse* as result of lack of supporting evidence, since trial court properly concluded, based on review of record, that charges were not *nolle prossed*).