J. S35009/16

2016 PA Super 110

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                       :            PENNSYLVANIA
                v.                 :
                                         :
KYLE RAINEY,                     :            No. 1601 EDA 2015
                                         :
                Appellant        :

Appeal from the Order Entered May 18, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0708341-1994

BEFORE: FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND MUSMANNO, J.

OPINION BY FORD ELLIOTT, P.J.E.:            **FILED MAY 25, 2016**

Kyle Rainey appeals, ***pro se***, from the order of May 18, 2015, denying

his petition for expungement. We affirm.

In a prior memorandum affirming appellant's judgment of sentence on

direct appeal, this court set forth the history of this case as follows:

> On June 1, 1994, appellant and three
> co-conspirators robbed a jewelry store. During the
> commission of the robbery, the gunman,
> Nathan Riley (Riley), shot and killed storeowner
> Sun Yoo Kang in front of his wife, Mahlee Kang.
> Officers of the Philadelphia Police Department
> interviewed Mrs. Kang and Al-Asim M. Abdul-Karim,
> a witness who was present outside the store in a
> parked automobile. Both individuals provided
> information regarding the identity of two males who
> had entered the store, another male who remained
> in a car parked in front of the store, and a fourth
> male who closed the store door after the two males
> entered the store.

On June 17, 1994, Riley surrendered to the police and gave a statement, which was reduced to writing by the interviewing detective, Albert Maahs. Riley signed the statement. In his statement, Riley admitted that he had taken part in the robbery and had fired the shot that fatally wounded Mr. Kang.

On June 26, 1994, Mrs. Kang and Mr. Abdul-Karim positively identified appellant from a photo array as a participant in the events of June 1, 1994. Two days later, after obtaining a search warrant, the police searched appellant's home and found a .38 caliber weapon with bullet casings matching those bullets used in the robbery. Police also discovered a small gold-colored price tag which Mrs. Kang identified as a tag from her store with her handwriting on it. The police also searched the house of Sharon Bell, the girlfriend of Darrell Wallace (Wallace), another accomplice to the crime. Inside the house, the police found the same type of jewelry that Mrs. Kang described as stolen from the store.

The police arrested appellant and Wallace and charged them with a host of crimes stemming from the events of June 1, 1994. Prior to trial, appellant moved to sever his trial on the basis of antagonistic defenses. The trial court denied appellant's motion. A jury trial commenced on May 12, 1995. Following the two-week trial, the jury convicted appellant of [one count of first degree murder, two counts of robbery, one count of aggravated assault, one count of recklessly endangering another person, one count of criminal conspiracy, one count of possessing instruments of crime, and one count of carrying firearms on public streets or public property.[1]] After the jury deadlocked during the penalty stage, the Honorable John J. Poserina imposed a mandatory term of life imprisonment.

*Commonwealth v. Rainey*, 704 A.2d 1121 (Pa.Super. 1997) (unpublished memorandum at 2-3), *appeal denied*, 723 A.2d 1024 (Pa. 1998). On

October 15, 1997, this court affirmed the judgment of sentence; and on May 26, 1998, the Pennsylvania Supreme Court denied allowance of appeal. *Id.*

In October 1998, appellant filed a timely petition under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, which was denied. This court affirmed on September 11, 2000. **Commonwealth v. Rainey**, 766 A.2d 891 (Pa.Super. 2000) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

Subsequently, appellant timely filed a **pro se** petition for a writ of **habeas corpus** pursuant to 28 U.S.C. § 2254 in the Eastern District of Pennsylvania. Appellant advanced six claims for relief, including a layered ineffectiveness claim that his trial and appellate counsel were ineffective for failing to challenge his first degree murder conviction on the ground that the evidence was insufficient to prove his shared intent to kill. This claim was raised previously on state PCRA review and found to be without merit.

The case was referred to a Magistrate Judge, who issued a Report and Recommendation concluding that appellant was entitled to **habeas** relief based on his layered ineffectiveness claim. Specifically, the Magistrate Judge concluded that (1) the evidence at trial was insufficient to establish a shared intent to kill, (2) appellant's trial and appellate counsel rendered

---

[1] 18 Pa.C.S.A. §§ 2502, 3701, 2702, 2705, 903, 907, & 6108, respectively.

deficient performance in failing to raise the sufficiency claim; and (3) this deficient performance prejudiced appellant.

The District Court approved and adopted the Report and Recommendation in part, rejected it in part, denied the petition, and declined to issue a certificate of appealability. Specifically, the District Court held that appellant had properly exhausted his layered ineffectiveness claim, that there was insufficient evidence of appellant's shared intent to kill, and that his counsel rendered deficient performance in failing to challenge the sufficiency of the evidence at trial or on direct appeal. With respect to prejudice, however, the District Court concluded that appellant suffered no prejudice because, although the evidence may not have been sufficient to sustain a first degree murder verdict, it was sufficient for a second degree felony murder conviction. Appellant was sentenced to life imprisonment on the first degree murder conviction, the same sentence he would have received had he been convicted of second degree murder.

The Third Circuit Court of Appeals granted appellant's motion for a certificate of appealability as to the layered ineffectiveness of counsel claim, and affirmed the District Court's denial of *habeas* relief. *Rainey v. Varner*, 603 F.3d 189 (3rd Cir. 2010), *cert. denied*, 562 U.S. 1286 (2011). The Court of Appeals agreed that appellant had failed to satisfy the prejudice prong of the ineffectiveness test under *Strickland v. Washington*, 466 U.S. 668 (1984), where the evidence was unquestionably sufficient to prove

second degree murder and he would have received the identical sentence of

life imprisonment without parole:

> [Appellant] was convicted of first degree murder, for which he is serving a life sentence. The jury also convicted [appellant] of robbery. Assuming that the evidence presented at trial was insufficient to establish a shared intent to kill, it was nonetheless sufficient to establish the elements of second degree felony murder. [Appellant] was convicted of robbery, and the evidence clearly established that a death occurred during that robbery, which is sufficient to prove second degree murder under Pennsylvania law. **See** 18 Pa. Cons.Stat. Ann. § 2502(b) ("A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony."). Under Pennsylvania law, "[a] person who has been convicted of murder of the second degree shall be sentenced to a term of life imprisonment." 18 Pa. Cons.Stat. Ann. § 1102(b) (1995); **accord Castle v. Pennsylvania Bd. of Probation & Parole**, 123 Pa.Cmwlth. 570, 554 A.2d 625, 627 (1989) (holding that a conviction for second degree murder carries a **mandatory** life sentence under Pennsylvania law). Accordingly, had [appellant] been retried and convicted of second degree murder, he would have received the same sentence.

**Id.** at 202 (emphasis in original). Relying on **Clark v. Maggio**, 737 F.2d

471 (5th Cir. 1984) (no prejudice occurs if a petitioner was wrongfully

convicted of an offense for which there was insufficient evidence but is

serving the same sentence that he would have been serving had he been

properly convicted of the offense for which there was sufficient evidence),

the Court of Appeals held that appellant failed to establish prejudice, **i.e.**,

that there was a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different: "Here, the result of the proceeding--a life sentence--would have been the same had counsel challenged the sufficiency of the evidence. Accordingly, appellant cannot show that he was prejudiced and cannot prevail on his claim of ineffective assistance of counsel." *Rainey*, 603 F.3d at 203. Since appellant could not prove that he suffered prejudice from counsel's failure to challenge the sufficiency of the evidence, the Court of Appeals affirmed the District Court's denial of appellant's petition for *habeas* relief. *Id.*

On January 29, 2015, appellant filed a *pro se* petition for expungement, asserting that he is entitled to have his first degree murder conviction expunged due to the District Court's determination that the evidence was insufficient to support the conviction. Following several hearings on the motion held on April 17, 2015, May 4, 2015, and May 18, 2015, appellant's petition was denied. This timely appeal followed. Appellant was not ordered to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); however, on November 10, 2015, the trial court filed a Rule 1925(a) opinion.

On appeal, appellant claims that the trial court abused its discretion in denying his petition for expungement when he was "acquitted" of first degree murder as a result of the federal *habeas* proceedings. (Appellant's

brief at 4.)[2]  While this case presents an interesting procedural question, we determine that the trial court did not abuse its discretion in denying appellant's petition for expungement of his first degree murder conviction.

> "The decision to grant or deny a request for expungement of an arrest record lies in the sound discretion of the trial judge, who must balance the competing interests of the petitioner and the Commonwealth.  We review the decision of the trial court for an abuse of discretion." ***Commonwealth v. Waughtel***, 999 A.2d 623, 624-25 (Pa.Super. 2010) (quoting ***Commonwealth v. Hanna***, 964 A.2d 923, 925 (Pa.Super. 2009)).  In ***Waughtel***, we provided a comprehensive outline of the law applicable to expungement.  Defendants in Pennsylvania have a due process right to petition for expungement that is not dependent upon statutory authority.  ***Id.*** at 625; ***see Commonwealth v. Wexler***, 494 Pa. 325, 431 A.2d 877, 879 (1981).  Where a defendant is convicted of a crime, he is not entitled to expungement of that crime, except as outlined by 18 Pa.C.S. § 9122, which is an extensive statutory provision governing expungement. ***Waughtel***, ***supra***; ***Commonwealth v. Maxwell***, 737 A.2d 1243, 1244 (Pa.Super. 1999).  "At the opposite extreme, if the defendant is acquitted, he is generally entitled to automatic expungement of the charges for which he was acquitted." ***Waughtel***, ***supra*** at 625 (citing ***Commonwealth v. D.M.***, 548 Pa. 131, 695 A.2d 770 (1997)).

***Commonwealth v. V.G.***, 9 A.3d 222, 223-224 (Pa.Super. 2010) (footnote omitted).

---

[2] We note that a petition for expungement does not fall within the remedies afforded by the PCRA and does not constitute a PCRA petition. Consequently, appellant's claim is not subject to the eligibility requirements and/or time constraints of the PCRA. ***Commonwealth v. Lutz***, 788 A.2d 993, 995 n.7 (Pa.Super. 2001).

Recently, in **Commonwealth v. Wallace**, 97 A.3d 310 (Pa. 2014), after balancing the interests of the individual against the Commonwealth, our supreme court held that an inmate does not have the right to petition for expungement while incarcerated. The **Wallace** court found that, "The Commonwealth has a compelling interest in retaining the records [petitioner] seeks to expunge, as [petitioner] is currently incarcerated and these records may be needed for use in penalization if [petitioner] commits any offenses while in prison[.]" **Id.** at 321. The court also noted the practical difficulties of affording inmates the right to petition for expungement while still incarcerated, including the transportation of prisoners to attend hearings, "which would put a strain on already tight prison budgets and add to an already overburdened trial court system. Moreover, any time an inmate is transported out of the prison setting, there exist security concerns, especially when the inmate, like Petitioner, is considered a flight risk." **Id.** at 322. Although the **Wallace** court recognized the petitioner's reputation as a protected privacy interest in this Commonwealth, the court found this factor was outweighed by other considerations, and there was nothing preventing the petitioner from petitioning for expungement once he was released from custody. **Id.** at 321.

In the instant case, appellant is currently incarcerated, serving a life sentence for murder. Therefore, he cannot petition for expungement. **Wallace**. Admittedly, **Wallace** did not address a situation where an

incarcerated inmate was actually acquitted of a crime. In **Wallace**, the petitioner sought destruction of fingerprints, photographs, and arrest records from past charges that had not resulted in convictions. **Id.** at 314. However, we disagree with appellant that he was "acquitted" of the first degree murder conviction. Appellant is correct that the federal District Court determined that the evidence was insufficient, as a matter of law, to sustain the conviction for first degree murder. However, the District Court refused to grant appellant **habeas** relief where he failed to establish prejudice, **i.e.**, that the outcome of the proceedings would have been different. The Court of Appeals affirmed on the basis that appellant failed to meet the **Strickland** test for prejudice. The Court of Appeals found that even assuming the evidence was insufficient to prove that appellant shared the specific intent to kill Mr. Kang, as required for a first degree murder conviction, it was unquestionably sufficient to prove second degree murder, which carried the same sentence. Therefore, appellant was not entitled to federal **habeas** relief. In no way can the Court of Appeals' disposition of appellant's **habeas** petition be construed as a formal acquittal. **Cf. Rambo v. Commissioner of Police**, 447 A.2d 279 (Pa.Super. 1982) (petitioner was entitled to expungement where his conviction of drug possession was overturned on appeal for lack of evidence, and the record showed that he had a considerable interest in having his record expunged, including his employment situation and the need to support his family); **Commonwealth**

***v. D.M.***, 695 A.2d 770 (Pa. 1997) (a petitioner is automatically entitled to expungement of his arrest record where a case is terminated by a trial and acquittal).

This is a rather unique situation procedurally because after the jury found appellant guilty of first degree murder, it did not consider lesser degrees of murder, including second degree murder. Therefore, expunging appellant's first degree murder conviction would leave nothing on the record to show that he is serving a valid life sentence, which the federal courts have determined should not be disturbed. The evidence was sufficient to prove second degree murder, and since the jury did not consider lesser degrees of murder, double jeopardy principles would not prohibit appellant's re-trial on second degree murder. ***Rainey***, 603 F.3d at 202 ("Rainey has not identified any new argument or new evidence that he could have presented at a second trial such that he would not have been convicted of second degree murder."). As the trial court observed,

> it just seems like you have an automatic right to expungement, shouldn't matter if you're in custody, but there's this wrinkle that what he really did commit was murder in the second degree according to that Court, and there's no -- there'd be no indication of that on this record which is why I would probably feel constrained to deny your motion if there isn't some other way of doing this. In other words, I don't think we can, I don't know I don't think we can change the murder of first degree to murder of the second degree . . . .

Notes of testimony, 4/17/15 at 7. In its Rule 1925(a) opinion, the trial court states, "even if the appellate courts rendered the functional equivalent of an acquittal, there was not and has never been a recording of guilt on second degree murder. Granting expungement under these circumstances would be wildly misleading and unfair." (Trial court opinion, 11/10/15 at 3.) We agree with the trial court's reasoning and find that the trial court did not abuse its discretion in denying appellant's petition for expungement.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/25/2016