J-S24032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
EDWARD LAYMAN MONROE :
:
Appellant : No. 1523 WDA 2016

Appeal from the PCRA Order May 6, 2016
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000217-1997

BEFORE: PANELLA, STABILE, JJ., and STEVENS, P.J.E[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED APRIL 19, 2017**

Appellant, Edward Layman Monroe, appeals *pro se* from the order

entered in the Court of Common Pleas of Fayette County dismissing his

"Memorandum of Fact and Law Retroactively Relief, Resentencing,

Modification and Reconsideration of Sentencing (Evidentiary Hearing),"

which the lower court treated as a second petition filed pursuant to the Post

Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After a careful

review, we affirm.

The relevant facts and procedural history are as follows: On November

19, 1997, a jury convicted Appellant, who was tried with two co-defendants,

Stanley T. Brown and Ronnie Austin, of first-degree murder, retaliation

---

[*] Former Justice specially assigned to the Superior Court.

against a witness, and criminal conspiracy.[1]  He was sentenced to life imprisonment, and following a direct appeal, this Court affirmed his judgment of sentence.  *Commonwealth v. Monroe*, No. 801 Pittsburgh 1998 (Pa.Super. filed March 23, 1999) (unpublished memorandum). Appellant filed a petition for allowance of appeal to our Supreme Court, which was denied on September 30, 1999.  *Commonwealth v. Monroe*, No. 308 WD 1999 (Pa. filed Sept. 30, 1999) (*per curiam* order).  Appellant did not file a petition for a writ of *certiorari* with the U.S. Supreme Court.

On August 30, 2000, Appellant filed a timely *pro se* PCRA petition, and following the appointment of counsel, the PCRA court denied the PCRA petition.  This Court affirmed.  *Commonwealth v. Monroe*, No. 2030 WDA 2000 (Pa.Super. filed Sept. 11, 2001) (unpublished memorandum).

On March 24, 2016,[2] Appellant filed a *pro se* document entitled "Memorandum of Fact and Law Retroactively Relief, Resentencing, Modification and Reconsideration of Sentencing (Evidentiary Hearing)." Therein, Appellant presented challenges to the legality of his sentence.

---

[1] 18 Pa.C.S.A. §§ 2502(a), 4953, and 903, respectively.

[2] Appellant's *pro se* document was docketed on March 29, 2016; however, the record indicates Appellant handed the document to prison authorities on March 24, 2016.  Accordingly, pursuant to the prisoner mailbox rule, we shall deem the document to have been filed on March 24, 2016.  *See Commonwealth v. Patterson*, 931 A.2d 710 (Pa.Super. 2007) (discussing the prisoner mailbox rule).

Further, he indicated that, to the extent the document constituted a second PCRA petition, he was entitled to the timeliness exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(iii), based on the U.S. Supreme Court's decisions in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016).

The lower court treated this *pro se* document as a second PCRA petition,[3] and on April 6, 2016, the court provided Appellant with notice of its intention to dismiss without an evidentiary hearing on the basis the petition was untimely filed and did not qualify for any of the timeliness exceptions under the PCRA. On or about April 28, 2016, Appellant filed a *pro se* response requesting the lower court treat his document as a *habeas corpus* petition. By order entered on May 6, 2016, the lower court dismissed Appellant's petition under the auspices of the PCRA, and this timely appeal followed.[4] The lower court directed Appellant to file a Pa.R.A.P. 1925(b)

---

[3] After this Court affirmed the denial of Appellant's first PCRA petition, Appellant filed several petitions seeking the expungement of charges and/or his criminal record. "We note that a petition for expungement does not fall within the remedies afforded by the PCRA and does not constitute a PCRA petition." *Commonwealth v. Rainey*, 139 A.3d 261, 264 n.2 (Pa.Super. 2016).

[4] We note that Appellant filed his notice of appeal directly with this Court, and pursuant to the prisoner mailbox rule, based on the envelope's postage stamp, we deemed the appeal to have been filed on Monday, June 6, 2016. *See Patterson*, *supra*. By order entered on July 12, 2016, we find Appellant's appeal to be timely filed, but transmitted it to the lower court for entry on the lower court's docket.

statement, Appellant timely filed a statement, and the lower court filed a statement in lieu of opinion pursuant to Pa.R.A.P. 1925(a).

At the outset, we conclude the lower court properly treated Appellant's instant petition under the auspices of the PCRA. The PCRA provides: "The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus[.]" 42 Pa.C.S.A. § 9542. Thus, where a petitioner's claim is cognizable under the PCRA, regardless of the title given to the petition, the court must analyze the petition under the PCRA. **Commonwealth v. Taylor**, 65 A.3d 462 (Pa.Super. 2013).

In his instant petition, Appellant challenged the legality of his sentence. This claim falls under the auspices of the PCRA. **Commonwealth v. Jackson**, 30 A.3d 516 (Pa.Super. 2011). Accordingly, the lower court properly treated Appellant's "Memorandum of Fact and Law Retroactively Relief, Resentencing, Modification and Reconsideration of Sentencing (Evidentiary Hearing)" as a PCRA petition; more particularly, the lower court properly treated the petition as Appellant's second PCRA petition.

With regard to petitions filed under the PCRA, as this Court has observed:

> The filing mandates of the PCRA are jurisdictional in nature and are strictly construed. The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our

scope of review plenary. An untimely petition renders this Court without jurisdiction to afford relief.

*Taylor*, 65 A.3d at 468 (citations omitted). Thus, at this juncture, we must determine whether Appellant's March 24, 2016, petition was timely filed under the PCRA.

The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i)     the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after

the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted).

In the case before us, this Court affirmed Appellant's judgment of sentence on March 23, 1999, and our Supreme Court denied Appellant's petition for allowance of appeal on September 30, 1999. Appellant did not file a petition for a writ of *certiorari* with the U.S. Supreme Court. Therefore, his judgment of sentence became final on or about December 30, 1999, ninety days after our Supreme Court denied Appellant's petition for allowance of appeal and the time for filing a petition for writ of *certiorari* expired. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13 (providing "a petition for a writ of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review [ ]"). Appellant, thus, had until approximately December 30, 2000, to file a timely PCRA petition. His instant petition, filed on March 24, 2016, is patently untimely.

This does not end our inquiry, however, as Appellant alleges he is entitled to the "new constitutional right" exception based on the U.S. Supreme Court's decisions in *Alleyne*, *supra*, and *Montgomery*, *supra*.

- 6 -

To invoke the "new constitutional right" exception of 42 Pa.C.S.A. § 9545(b)(1)(iii), the petitioner must plead and prove that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii). Moreover, a petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

With regard to the application of **Montgomery**, we find Appellant met the initial 60-day threshold. The U.S. Supreme Court filed its opinion in **Montgomery** on January 25, 2016, and Appellant filed the instant PCRA petition on March 24, 2016. Accordingly, Appellant asserted his timeliness exception within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2); **Commonwealth v. Secreti**, 134 A.3d 77, 80 (Pa.Super. 2016) ("When the exception asserted is Section 9545(b)(1)(iii), the 60–day rule runs from the date of the germane decision.") (citation omitted)).

However, we conclude the dictates of **Montgomery** are inapplicable to Appellant. In **Montgomery**, the High Court held that its ruling in **Miller v. Alabama**, 132 S.Ct. 2455 (2012), is to be given retroactive effect on collateral review. **Miller**, which was issued on June 25, 2012, held that it is unconstitutional for state courts to impose an automatic life sentence

- 7 -

without possibility of parole upon a homicide defendant for a murder committed while the defendant was a juvenile. In the case *sub judice*, Appellant, who was born in October of 1959, was not a juvenile when he committed his crimes in June of 1995. Accordingly, Appellant has failed to plead and prove he is entitled to the new constitutional right exception in light of **Montgomery**.

Appellant additionally asserts that he is entitled to the "new constitutional right" exception of 42 Pa.C.S.A. § 9545(b)(1)(iii), in light of the U.S. Supreme Court's opinion in **Alleyne**, wherein the High Court held that any fact, other than a prior conviction, that triggers application of a mandatory minimum sentence must be proven beyond a reasonable doubt before the factfinder.

We conclude Appellant has not met the initial 60-day threshold. **Alleyne** was decided on June 17, 2013, and Appellant filed the instant PCRA petition on March 24, 2016. Accordingly, Appellant has not asserted his timeliness exception within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). Further, to the extent Appellant believes the Supreme Court's retroactivity analysis in **Montgomery** renders **Alleyne** retroactive, we note that neither the U.S. Supreme Court nor the Pennsylvania Supreme Court has held that **Alleyne** applies retroactively to untimely PCRA petitions. Indeed, our Supreme Court recently held that **Alleyne** does not apply retroactively to cases on collateral review where, as

here, the petitioner's judgment of sentence had already become final. ***Commonwealth v. Washington***, ___ Pa. ___, 142 A.3d 810 (2016).[5]

Accordingly, because Appellant has not established any of the timeliness exceptions to the PCRA time-bar, the lower court lacked jurisdiction to address his claims, and we affirm the dismissal of Appellant's *pro se* petition.

Affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/19/2017

_____

[5] To the extent Appellant suggests his sentence is illegal, and thus not subject to the PCRA's time restrictions, we note that our Supreme Court has specifically held that "[a]lthough legality of sentence is always subject to review within the PCRA, [legality of sentencing] claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Fahy***, 558 Pa. 313, 737 A.2d 214, 223 (1999). That is, an illegal sentencing claim does not operate as an independent exception to the PCRA's jurisdictional time-bar.