J-S23035-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL DAVID WEIMER | : | |
| | : | |
| Appellant | : | No. 1476 WDA 2018 |

Appeal from the Order Entered September 24, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0010605-1992

BEFORE:   BENDER, P.J.E., NICHOLS, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                          FILED MAY 13, 2019

Appellant, Paul David Weimer, pro se, appeals from the order entered September 24, 2018, that denied his "Petition to Remove Pre-sentence Investigation Report (PSI) from Court Records Due to the Same Being Out-dated through Expungements, Falsely/Erroneously Reported and Unreliable for Use by Judge Donna Jo McDaniel in Sentencing Petitioner" [hereinafter "Petition to Remove PSI"]. Appellant completed serving his sentence in the current action, Docket Number CP-02-CR-0010605-1992 ("the 1992 Case"), in 1995. As Appellant fails to provide any legal authority that a trial court has the power to remove a pre-sentence investigation report from the record in a closed case and as Pa.R.Crim.P. 703(C)(1)-(3) mandates that all pre-sentence investigation reports be available in the future to correctional institutions and departments of probation or parole, we affirm.

_____
*   Retired Senior Judge assigned to the Superior Court.

On March 8, 1993, Appellant was convicted of intimidation of witnesses or victims.[1]  The trial court ordered a pre-sentence investigation report ("PSI").  N.T., 4/22/1993, at 8.[2]  At his sentencing on April 22, 1993, Appellant, who was represented by counsel, did not contend that he had insufficient time to review the PSI nor object to the contents of the PSI.  See generally id.[3]  Appellant was sentenced to one to two years of confinement.  Id. at 9.  He did not file a post-sentence motion or timely direct appeal.

On March 8, 1994, Appellant pro se filed a petition under the Post Conviction Relief Act ("PCRA")[4] requesting re-instatement of his direct appeal rights, which the trial court granted on November 30, 1996.  Appellant did not argue on direct appeal that he had insufficient time prior to sentencing to review the PSI nor contest the accuracy of the PSI.  See Commonwealth v. Weimer, No. 105 Pittsburgh 1997, unpublished memorandum at 3 (Pa.

_____

[1] 18 Pa.C.S. § 4952(a)(1).  The case underlying this intimidation conviction, Docket Number CP-02-CR-0012406-1988, resulted in Appellant's conviction for two counts of corruption of minors, 18 Pa.C.S. § 6301(a).

[2] The cover page for notes of testimony from Appellant's sentencing hearing in the 1992 Case inaccurately lists the date of Appellant's sentencing as April 22, 1994.  However, both the docket and the written sentencing order show Appellant's sentencing occurred on April 22, 1993.  We have thus decided to use the correct year in all our citations to the notes of testimony from Appellant's sentencing, notwithstanding the year listed on the cover.

[3] Appellant also did not raise any questions about the PSI when given the opportunity for allocution.  N.T., 4/22/1993, at 6-8.

[4] 42 Pa.C.S. §§ 9541–9546.

- 2 -

Super. filed December 11, 1998) (list of issues raised on direct appeal). This Court affirmed Appellant's judgment of sentence on December 11, 1998. Id. at 1. On May 26, 1999, the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal.

On May 23, 2000, Appellant again filed, pro se, a PCRA petition, which the PCRA court dismissed on October 17, 2001, on jurisdictional grounds, because Appellant had completed serving his sentence. This Court affirmed the dismissal on September 5, 2002, because we agreed with the PCRA court that "it was without jurisdiction for this PCRA petition," as "Appellant's sentence of imprisonment, for the crimes of which he appeals, clearly expired, at the latest, on April 22, 1995." Commonwealth v. Weimer, No. 2134 WDA 2001, unpublished memorandum at 1, 6 (Pa. Super. filed September 5, 2002).

On August 18, 2011, a jury convicted Appellant: at Docket Number CP-02-CR-0011522-2010, of two counts of statutory sexual assault and one count each of involuntary deviant sexual intercourse ("IDSI") with a person less than 16 years of age, unlawful contact with a minor, endangering the welfare of children, corruption of minors, and selling or furnishing liquor to minors;[5] at Docket Number CP-02-CR-0011523-2010, of IDSI with a person less than 16

_____

[5] 18 Pa.C.S. §§ 3122.1, 3123(a)(7), 6318(a)(6), 4304(a)(1), 6301(a)(1), and 6310.1(a), respectively.

years of age, indecent assault of a person less than 16 years of age, endangering the welfare of children, and corruption of minors;[6] and, at Docket Number CP-02-CR-0011535-2010, of two counts of corruption of minors and one count each of unlawful contact with minor and selling or furnishing liquor to minors.[7] Hereinafter, we will collectively refer to these matters as "the 2010 Cases."

The Honorable Donna Jo McDaniel initially sentenced Appellant for the 2010 Cases on March 13, 2012, and re-sentenced him on April 3, 2018. The PSI prepared for the 1992 Case was attached to the pre-sentence investigation report prepared for the sentencing and re-sentencing in the 2010 Cases.

On August 31, 2018, Appellant filed the Petition to Remove PSI under the 1992 Case, in which he requested that the trial court --

> order the PSI report destroyed and that the same be informed to those using the PSI report to impose punishment upon [Appellant] for matters expunged, and/or any other relief th[e trial c]ourt deems appropriate and just to rectify the injustices being imposed on [Appellant] from the use of th[e trial c]ourt's PSI report.

Petition to Remove PSI, 8/31/2018, at 6. On September 24, 2018, the trial court denied the Petition to Remove PSI.

On October 4, 2018, Appellant filed this timely direct appeal. The trial court did not order and Appellant did not file a concise statement of errors

_____

[6] Id. §§ 3123(a)(7), 3126(a)(8), 4303(a), and 6301(a)(1), respectively.

[7] Id. §§ 6301(a)(1), 6318(a)(1), and 6310.1(a), respectively.

complained of on appeal. The trial court entered its opinion on December 21, 2018, examining the Petition to Remove PSI on its merits. See generally Trial Court Opinion, filed December 21, 2018.

Appellant presents the following issues for our review:

I. Whether the trial court erred and abused the its [sic] discretion in denying relief to [r]edact, seal or destroy [PSI], when [the 1992 Case's trial court] violated Pa.R.Crim.P. Rule 703 at the time of sentencing, as evident of the sentencing hearing transcript of [Appellant]'s April 22, 1993 sentencing, where [the trial court] failed to permit Defense Counsel DeFazio or [Appellant] an opportunity to review and challenge the contents of the PSI report pursuant to Rule 703 and 704, in violation of state and federal laws, which caused an illegal sentence and prejudiced [Appellant]?[8]

II. Whether the trial court erred and committed an abuse of discretion in violating Pa.R.Crim.P. Rule 703, and Appellant's due process of law rights, where Appellant's Petition to Remove [PSI] demanded relief from the discrepancies identified within the PSI report not afforded at the time of sentencing, that included the official order of court expunctions of alleged criminal history used against Appellant from the 25 year old out-dated PSI reporting erroneous and frivolous information warranting court action against the prejudice endured by Appellant?

III. Whether the trial court erred and abused its discretion to deny relief supported by the evidence of the record presented against the retaining of the PSI's contents, where [the 2010 Cases' trial court] used [the 1992 Case's trial court]'s PSI report to sentence Appellant on 03/13/12 & 04/03/18 to 23½ to 47 years based solely on the juvenile record within the PSI report that was expunged, without a review or challenge to the same inaccuracies

_____

[8] The current versions of Pa.R.Crim.P. 703 and 704 were not in effect at the time of Appellant's sentencing in the 1992 Case on April 22, 1993. Former Pa.R.Crim.P. 1404 was in effect from January 1, 1992, until April 1, 2001, when it was renumbered and amended as Pa.R.Crim.P. 703. Except for changes to its comment, former Pa.R.Crim.P. 1405 was in effect from July 1, 1978, until April 1, 2001, when it was renumbered and amended as Pa.R.Crim.P. 704.

at bar, which resulted in prejudice that requires resentencing and relief in addressing the issues of the PSI report for any future resentencing in the case(s) before Judge McDaniel?

IV.    Whether the trial court intentionally blocked the issuing of a 1925(b) concise statement of errors complained of in appeal knowing the record verified the court's violation of Pa.R.Crim.P. Rule 703, to immediately issuing an opinion claiming that the court afforded defendant an opportunity to challenge the contents of the PSI report, when the sentencing hearing transcript contradicted the court's conclusion written in the opinion, which the trial court failed to officially date the same, therefore, invalidating the opinion as filed?

Appellant's Brief at 3 (some formatting).

Preliminarily, we must decide if the Petition to Remove PSI should properly be considered a PCRA petition. Whether the Petition to Remove PSI is within the purview of the PCRA controls our jurisdiction to consider this appeal, our standard of review, and our analysis. See Commonwealth v. Johnson, 200 A.3d 964, 967 (Pa. Super. 2018) ("we must examine whether Appellant's request for relief must be treated as a PCRA petition"; "[t]his distinction is outcome determinative"; "PCRA time limits are jurisdictional, and we therefore cannot address the merits of an untimely petition" (citations omitted)), reargument denied (February 15, 2019). Although Appellant has not designated his Petition to Remove PSI as a PCRA petition, an "[a]ppellant's selected designation does not control." Id.; see also Commonwealth v. Greco, 2019 PA Super 30, *4 (filed February 8, 2019) ("a petitioner may not mislabel his petition in an attempt to circumvent the PCRA's timeliness requirements").

The Commonwealth's brief to this Court is written under the assumption that the Petition to Remove PSI at issue is a PCRA petition. That is, the Commonwealth makes no argument as to why the Petition to Remove PSI is a PCRA petition – it just presumes that it is one. Appellant "adamantly objects" to the Commonwealth's claim that the instant action is "an appeal from the denial of PCRA relief petition, as asserted by the Commonwealth after the fact." Appellant's Reply Brief at 1-2. Additionally, as noted above, the trial court examined the Petition to Remove PSI on the merits and not pursuant to the PCRA. See Trial Court Opinion, filed December 21, 2018.

A petition to remove a PSI is not a standard motion, and, accordingly, we find no case law addressing whether such a petition is cognizable under the PCRA. However, Appellant does not challenge the propriety of his conviction or sentence, and, ergo, neither his claim nor requested remedy are contemplated by or available under the PCRA. Commonwealth v. Lutz, 788 A.2d 993, 996 n.7 (Pa. Super. 2001). Hence, as in Lutz, id., "we will not consider Appellant's motion as a PCRA petition."

Furthermore, Appellant's petition is similar to a petition for expungement, as they both request that something be removed from the petitioner's criminal history that would affect future criminal proceedings. A "petition for expungement does not fall within the ambit of the PCRA." Commonwealth v. Furrer, 48 A.3d 1279, 1280 n.1 (Pa. Super. 2012). Consequently, as in Furrer, Appellant's "claims are not subject to the

eligibility requirements or time constraints of the PCRA, and there is no impediment to our review." Id. (citing Lutz, 788 A.2d at 996 n.7).

As Appellant's petition is atypical, we can find no case law stating the appropriate standard of review. Again, to the extent that we can draw an analogy between Appellant's petition and an expungement petition, we can employ the same standard of review here as we would with a trial court's ruling on an expungement petition: "The decision to grant or deny a request for expungement of an arrest record lies in the sound discretion of the trial judge, who must balance the competing interests of the petitioner and the Commonwealth. We review the decision of the trial court for an abuse of discretion." Commonwealth v. Rainey, 139 A.3d 261, 264 (Pa. Super. 2016) (citation omitted).

Turning to the merits of Appellant's claims, Appellant contends that "the trial court erred and abused . . . its discretion in denying relief to [r]edact, seal or destroy" the PSI from the 1992 Case, which was provided to the sentencing court in the 2010 Cases. Appellant's Brief at 9-10 (citing Pa.R.Crim.P. 703). Appellant insists that the PSI from the 1992 Case should be stricken as invalid, because the trial court denied him the right to review the PSI prior to sentencing "or to object to an portion of it." Id. at 9, 13 (citing Pa.R.Crim.P. 703(A)(2), (B) & 704(C)). He continues that the trial court "violat[ed] Pa.R.Crim.P. Rule 703, and Appellant's due process of law rights, where Appellant's Petition to Remove [PSI] demanded relief from the discrepancies identified within the PSI" from the 1992 Case, which he

describes as "an overwhelmingly out-dated and meritless PSI" that has been "used on face value and to impose further punishments." Id. at 15, 20 (some formatting). Appellant further maintains that "[t]he evidence presented in the record and within this appeal[ is] overwhelmingly clear and factual documentation of the prejudice surrounding this case." Id. at 21.

Lastly, Appellant argues that "the trial court intentionally blocked the issuing of a [Pa.R.A.P.] 1925(b) concise statement of errors complained of in appeal knowing the record verified the court's violation of Pa.R.Crim.P. Rule 703[.]" Id. at 25 (some formatting).

We begin by observing that Appellant completed serving his sentence in the 1992 Case almost a quarter-century ago. We have found no statutory or case law – and Appellant has provided us with none – allowing a court to purge a pre-sentence investigation report from the record of a closed case. More broadly, we have neither found nor been provided with any legal authority allowing a trial court to remove or to strike out any evidence from the record of a closed case.

Appellant's reliance on Pa.R.Crim.P. 703(B) is thus misplaced. Rule 703(B) states: "If the defendant or the Commonwealth alleges any factual inaccuracy in a report under this rule, the sentencing judge shall, as to each inaccuracy found, order that the report be corrected accordingly." As the 1992 Case's trial court accurately explained:

> [Appellant's] case before this Court is long over. The 'sentencing judge' referred to in this rule, in the context of [Appellant]'s Petition [to Remove] PSI, is Judge McDaniel. To the extent that

there were errors in that portion of the report that incorporated the 1993 report, those errors had to be raised with Judge McDaniel.

Trial Court Opinion, filed December 21, 2018, at 4.

Additionally, Pa.R.Crim.P. 703(C)(1)-(3) directs that all pre-sentence investigation reports be available in the future to: "(1) correctional institutions housing the defendant; and (2) departments of probation or parole supervising the defendant; and (3) departments of probation or parole preparing a pre-sentence investigation report regarding the defendant." The mandate in this Rule requiring retention of all pre-sentence investigation reports thereby runs contrary to Appellant's proposal that a trial court has the power to remove or otherwise to censor an existing pre-sentence investigation report.

Assuming Appellant is making an evidentiary challenge or is challenging the discretionary aspects of his sentences in the 2010 Cases, including the use of the PSI prepared for the 1992 Case during the sentencing and re-sentencing for the 2010 Cases and the criminal history presented during the 2010 Cases' sentencings, such challenges should be brought pursuant to the docket numbers of the 2010 Cases.[9] Therefore, the instant appeal is improperly brought under the docket number for the 1992 Case (No. CP-02-CR-0010605-1992).

_____

[9] Appellant currently has appeals pending before this Court in all three of the 2010 Cases. See Docket Numbers 1461 WDA 2018, 1462 WDA 2018, and 1463 WDA 2018.

Even if it were properly brought under the 1992 Case, Appellant has waived all challenges to the factual accuracy of the PSI and to the trial court's alleged failure to provide him time to review the PSI by not preserving such allegations before the trial court at sentencing, in a post-sentence motion, or at any time prior to his direct appeal.  See Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); cf. Commonwealth v. Herrick, 660 A.2d 51, 53 (Pa. Super. 1995) (Pa. Super. 1995) (on direct appeal from judgment of sentence, appellant challenged the trial court denying him access to pre-sentence report); Commonwealth v. Smillie, 462 A.2d 804, 806, 809 (Pa. Super. 1983) (on direct appeal from judgment of sentence, appellant contended that that his counsel did not object to the pre-sentence report and did not inform him fully of the contents of the report); Commonwealth v. Knepp, 453 A.2d 1016, 1017, 1019-20 (Pa. Super. 1982) (direct appeal from judgment of sentence, alleging inaccuracies in pre-sentence report).  See also Weimer, No. 105 Pittsburgh 1997, unpublished memorandum at 3 (list of issues raised on direct appeal); see generally N.T., 4/22/1993.

As for Appellant's final argument – that the trial court erred by not ordering him to file a concise statement of errors complained of on appeal, Appellant's Brief at 25, such an order is not mandatory.  According to Rule 1925(b):

> If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to

file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal[.]

Pa.R.A.P. 1925(b) (emphases added).  The language of the controlling Rule is permissive, and the decision to enter an order directing the filing of a concise statement is therefore left to the trial court's discretion.  For these reasons, Appellant is not entitled to relief on his final issue.

Based on the foregoing, we conclude that the trial court did not abuse its discretion in denying the Petition to Remove PSI.  See Rainey, 139 A.3d at 264.

Order affirmed.

P.J.E. Bender joins the memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  5/13/2019