J-S51031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CRAIG E. MOSS, | : | |
| | : | |
| Appellant | : | No. 971 MDA 2019 |

Appeal from the Order Dated April 24, 2019
in the Court of Common Pleas of Franklin County
Criminal Division at No(s):  CP-28-CR-0000776-1996

BEFORE:  PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:              **FILED OCTOBER 29, 2019**

Craig E. Moss ("Moss") appeals, *pro se*, from the Order dismissing his

Petition to Expunge.  We affirm.

In its Opinion, the trial court set forth the relevant factual background

as follows:

> On July 9, 1996, [Moss] was arrested and charged for [r]obbery and [t]heft by [u]nlawful [t]aking, [m]ovable [p]roperty[,] at [Franklin County] docket [number] 776-1996 ("776-1996").  [Moss] was arrest[ed] again on August 1, 1996[,] and charged with [a]rson, [c]riminal [m]ischief, and eight counts of [r]ecklessly [e]ndangering [a]nother [p]erson at [Franklin County] docket [number] 1036-1996 ("1036-1996").

> On January 13, 1997, [Moss] entered a plea of *nolo contendere* to the charge of [a]rson [at 1036-1996,] in exchange for the Commonwealth's dismissal of the remaining charges at [776-1996 and 1036-1996].

> On April 17, 2019, [Moss] filed a Petition to Expunge his record at [776-1996].  On April 24, 2019[,] [the trial court] issued an Order [dismissing] his Petition to Expunge.  A [timely] Notice of Appeal to [this Court] was filed on May 24, 2019[,] and on June

5, 2019[,] [Moss] filed a [court-ordered Pa.R.A.P. 1925(b)] Concise Statement of [] Matters Complained of on Appeal….

Trial Court Opinion, 6/6/19, at 1-2 (footnotes omitted).

On appeal, Moss raises the following questions for our review:

I. Did the [trial] court abuse its discretion when it [dismissed] [Moss's] request for expungement[,] when the Commonwealth never objected to the Petition [to Expunge,] and for failing ot [*sic*] conduct a hearing to determine if expungement was applicable?

II. Is [Moss] entitled to expungement of the offense at [776-1996,] per the terms of his plea agreement?

Brief for Appellant at 2 (capitalization omitted).

In both of Moss's issues, which we address together, he alleges that the trial court abused its discretion in dismissing his Petition to Expunge. ***Id.*** at 2-5. Moss argues that the trial court erred by (1) failing to consider the five-factor expungement test set forth by our Supreme Court in ***Commonwealth v. Wexler***, 431 A.2d 877 (Pa. 1981); (2) failing to hold an expungement hearing; and (3) disregarding Moss's plea bargain. ***See*** Brief for Appellant at 2-5.

> The decision to grant or deny a request for expungement of an arrest record lies in the sound discretion of the trial judge, who must balance the competing interests of the petitioner and the Commonwealth. We review the decision of the trial court for an abuse of discretion. … Defendants in Pennsylvania have a due process right to petition for expungement that is not dependent upon statutory authority.

***Commonwealth v. Rainey***, 139 A.3d 261, 264 (Pa. Super. 2016) (quotation marks and citations omitted).

> When a prosecution has been terminated without conviction or acquittal, for reasons such as *nolle prosse* of the charges[,] …

- 2 -

then this Court has required the trial court to balance the individual's right to be free from the harm attendant to the maintenance of the arrest record against the Commonwealth's interest in preserving such records.

In **Wexler**, [**supra**] this Court set in place the following five factors that the trial court must balance when considering a petition for expungement:

(1) The strength of the Commonwealth's case against the petitioner; (2) the reasons the Commonwealth gives for wishing to retain the records; (3) the petitioner's age, criminal record, and employment history; (4) the length of time that has elapsed between the arrest and the petition to expunge; (5) and the specific adverse consequences the petitioner may endure should expunction be denied.

**Commonwealth v. Wallace**, 97 A.3d 310, 317-18 (Pa. 2014) (citation omitted).

However, the due process right to expungement does not apply to individuals who are incarcerated at the time of filing such petition. **Id.** at 321-22. The **Wallace** Court set forth numerous factors weighing against an incarcerated petitioner's private interest in expungement: (1) "[T]he risk of an erroneous deprivation of [an incarcerated petitioner's] private interest in his reputation … is slim"; (2) "nothing is preventing [an incarcerated petitioner] from petitioning for expungement once he is released from custody"; (3) incarcerated petitioners have other means of repairing their reputation while incarcerated; (4) "the Commonwealth has a compelling interest in retaining" an incarcerated petitioner's records, as "these records may be needed for use in penalization if [the petitioner] commits any offenses while in prison"; and (5) transporting an incarcerated petitioner for

expungement hearings puts a strain on prison budgets, and presents security concerns. *Id.* The *Wallace* Court concluded that based on these factors, "an inmate does not have the right to petition for expungement while incarcerated." *Id.* at 322.

Here, it is evident from the record that Moss was incarcerated at the time he filed his Petition to Expunge.[1] Pursuant to the dictates of *Wallace*, *supra*, he has no due process right to seek expungement of his criminal records while he remains incarcerated. Accordingly, we are constrained to conclude that the trial court did not abuse its discretion in dismissing Moss's Petition to Expunge.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2019

---

[1] Although the record is unclear as to why Moss is currently incarcerated, Moss lists his address, in all of his court filings, as the Mahanoy State Correctional Institute in Frackville, Pennsylvania. *See, e.g.*, Brief for Appellant, cover sheet; Notice of Appeal, certificate of service; Petition to Expunge, certificate of service.