J-S66026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KYLE RAINEY | : | |
| | : | |
| Appellant | : | No. 1254 EDA 2017 |

Appeal from the PCRA Order April 13, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0708341-1994,
CP-51-CR-1003961-1994

BEFORE: STABILE, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY NICHOLS, J.:                    **FILED FEBRUARY 18, 2020**

Appellant Kyle Rainey appeals from the orders dismissing his serial Post Conviction Relief Act[1] (PCRA) petitions filed at each of the above-captioned docket numbers.  Appellant contends he presented newly-discovered evidence that Al-Asim M. Abdul-Karim, a Commonwealth witness at his murder and robbery trials, was an alias for Elvin Odoms and had a *crimen falsi* conviction.  We affirm.

By way of background, in docket number 708341-1994 (Sun Homicide), a jury found Appellant guilty of first degree murder, two counts of robbery, one count of aggravated assault, one count of recklessly endangering another person, one count of criminal conspiracy, one count of possessing instruments

_____

[1] 42 Pa.C.S. §§ 9541-9546.

of crime, and one count of carrying firearms on public streets or public property on May 22, 1995.  Following sentencing and Appellant's direct appeal, the conviction in the Sun Homicide became final in July 1998.  In docket number 1003961-1994 (Bright Jewelers Robbery), a separate jury found guilty of Appellant of robbery and possessing an instrument of crime on November 1, 1995.  Appellant's conviction in the Bright Jewelers Robbery became final in July 1997.

This Court previously summarized the facts of the Sun Homicide, as follows:

> On June 1, 1994, [A]ppellant and three co-conspirators robbed a jewelry store. During the commission of the robbery, the gunman, Nathan Riley (Riley), shot and killed storeowner Sun Yoo Kang [(the decedent)] in front of his wife, Mahlee Kang.  Officers of the Philadelphia Police Department interviewed Mrs. Kang and [Abdul–Karim], a witness who was present outside the store in a parked automobile. . . .
>
> On June 17, 1994, Riley surrendered to the police and gave a statement, which was reduced to writing by the interviewing detective, Albert Maahs. . . .[2]
>
> On June 26, 1994, Mrs. Kang and Mr. Abdul–Karim positively identified [A]ppellant from a photo array as a participant in the events of June 1, 1994.  Two days later, after obtaining a search warrant, the police searched [A]ppellant's home and found a .38 caliber weapon with bullet casings matching those bullets used in the robbery.  Police also discovered a small gold-colored price tag which Mrs. Kang identified as a tag from her store with her

---

[2] We add that at Appellant's trial, the Commonwealth introduced Riley's police statement inculpating Appellant as the ringleader. **Commonwealth v. Riley**, 4044 PHL 1995 (Pa. Super. filed Sep. 12, 1996) (unpublished mem.) (citing N.T. Trial, 5/19/95, at 35, 57).

handwriting on it.  The police also searched the house of Sharon Bell, the girlfriend of Darrell Wallace (Wallace), another accomplice to the crime.  Inside the house, the police found the same type of jewelry that Mrs. Kang described as stolen from the store.

The police arrested [A]ppellant and Wallace and charged them with a host of crimes stemming from the events of June 1, 1994.

*Commonwealth v. Rainey*, 139 A.3d 261, 261-62 (Pa. Super. 2016)

(citation and footnote omitted and some formatting altered).

This Court previously summarized the facts of the Bright Jewelers Robbery, as follows:

On March 26, 1994[,] at approximately noon, at Bright Jewelers, . . . , the complainant came into contact with the Appellant. Complainant Sam Lee was in his jewelry store, standing behind a counter next to the front door when two males, including Nathaniel [Riley], approached to enter.  Mr. Lee, believing the two individuals to be customers, "buzzed" them through the locked doors, into the store.  As the two individuals were inquiring as to some men[']s gold rings and chains, Mr. Lee observed another male outside, looking into his store.  Mr. Lee identified this third person as Appellant.  As Mr. Lee was showing the jewelry, he looked to Appellant several times, to see if he wished to enter the store.  Instead, Mr. Lee observed Appellant give [Riley] a "nodding" signal.  At that moment, [Riley] pulled out a gun, while the other man jumped over the showcase, handcuffed Mr. Lee and ordered him to lay on the floor with his face down. . . .  The men then pulled out a black trash bag and began putting all of the jewelry into the bag.  Once the men had finished throwing the jewelry into the bag, they [exited the store and ran away.]  Mr. Lee . . . ran outside to chase after the men.  After losing sight of the men, Mr. Lee went back to his store and telephoned the police. . . . Approximately one month after the robbery, detectives visited the complainant at the store and showed him numerous photographs.  From these, the complainant was able to immediately identify Appellant. . . .

***Commonwealth v. Rainey***, 383 PHL 1996 (Pa. Super. filed June 25, 1997) (unpublished mem.). Of relevance to this appeal, Abdul-Karim testified against Appellant in both the Sun Homicide and the Bright Jewelers Robbery.

Appellant previously filed one PCRA petition as to the Sun Homicide and four unsuccessful PCRA petitions related to the Bright Jewelers Robbery, none of which merited relief. The instant appeal arises from Appellant's second PCRA proceeding as to the Sun Homicide, which Appellant commenced *pro se* in 2011, and Appellant's fifth PCRA proceeding in the Bright Jewelers Robbery, which Appellant commenced *pro se* in 2013.

The PCRA court appointed Todd Mosser as Appellant's PCRA counsel for the Bright Jeweler Robbery in May 2014, and for the Sun Homicide in August 2015. Attorney Mosser filed an amended PCRA petition for the Sun Homicide in June 2016, and an amended PCRA petition for the Bright Jewelers Robbery in January 2016.

In the amended petition,[3] Appellant contended that the Commonwealth improperly withheld Abdul-Karim's former name of Elvin Odoms. Appellant's PCRA Pet., 11/27/13, at 1. Appellant argued that Abdul-Karim pleaded guilty to receiving stolen property on January 31, 1975. *Id.* Appellant maintained that the Commonwealth failed to disclose Abdul-Karim's former name and that

_____

[3] Although there were two counseled PCRA petitions (the Sun Homicide and Bright Jewelers Robbery) giving rise to this appeal, we will refer to the petitions, collectively, as the petition.

- 4 -

he learned this information on October 2, 2013, from a private investigator Appellant retained. *Id.* Appellant further claimed that the Commonwealth intentionally concealed Abdul-Karim's prior name and criminal record in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Appellant asserted that his petition was timely based on the governmental interference exception to the PCRA time bar. *See* 42 Pa.C.S. § 9545(b)(1)(i).

Appellant raises the following issue on appeal from the orders dismissing his PCRA petition:

> 1. Did the PCRA court err in dismissing Appellant's PCRA Petition without an evidentiary hearing because Appellant presented newly-discovered evidence, because Appellant was diligent in obtaining such evidence, because such evidence constituted a *Brady* violation and would have led to a different outcome at trial, and because it is impossible for the PCRA [court] to make factual determinations without conducting an evidentiary hearing?

Appellant's Brief at 4.

Appellant initially contends that he filed his November 27, 2013 Bright Jewelers Robbery PCRA petition and memoranda of law within sixty days of receiving the private investigator's October 2, 2013 letter, which advised him of Abdul-Karim's former name. *Id.* at 14. Appellant argues that he had no reason to believe that Abdul-Karim was concealing his name at the time of Appellant's 1995 trial. *Id.* at 15. He faults the Commonwealth for not disclosing Abdul-Karim's former name of Elvin Odoms and that Abdul-Karim had a *crimen falsi* conviction. *Id.* at 15-16. In Appellant's view, the Commonwealth engaged in governmental interference and violated *Brady*.

*Id.* at 16. In short, Appellant asserts that he timely filed his petition under 42 Pa.C.S. § 9545(b)(1)(i) and (ii).

The standard of review for an order resolving a PCRA petition follows:

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Grayson*, 212 A.3d 1047, 1051 (Pa. Super. 2019) (citation omitted).

"[T]he timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless the petitioner pleads and proves one of three statutory exceptions. 42 Pa.C.S. § 9545(b)(1). The three statutory exceptions follow:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

- 6 -

To invoke one of these exceptions, a petitioner must also file his petition within sixty days of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2) (subsequently amended, eff. Dec. 24, 2018);[4] *Commonwealth v. Edmiston*, 65 A.3d 339, 346 (Pa. 2013) (stating, "We have established that this 60–day rule requires a petitioner to plead and prove that the information on which his claims are based could not have been obtained earlier despite the exercise of due diligence." (citations omitted)). It is the PCRA petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citation omitted).

"Although a *Brady* violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008) (citation omitted). In determining whether a petitioner has acted with due diligence, we have explained that "[d]ue diligence does not

_____

[4] Section 9545(b)(2) was amended on October 24, 2018, effective December 24, 2018, and extended the time for filing from sixty days of the date the claim could have been first presented to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. *See* Act of Oct. 24, 2018, P.L. 894, No. 146, § 3. Because Appellant filed the PCRA petitions at issue prior to December 24, 2017, the amended Section (b)(2) does not apply to him.

require perfect vigilance and punctilious care, but merely a showing the party has put forth reasonable effort to obtain the information upon which a claim is based." ***Commonwealth v. Cox***, 146 A.3d 221, 230 (Pa. 2016) (citation and some formatting omitted).

Here, Appellant merely asserts a bald claim of governmental interference because he did not articulate or prove that the Commonwealth knew of Abdul-Karim's former name, and that it intentionally or inadvertently suppressed this information. Therefore, Appellant's claim of governmental interference did not establish the timeliness of his PCRA petitions. ***See Albrecht***, 994 A.2d at 1094; ***Abu-Jamal***, 941 A.2d at 1268.

Appellant also argues that he recently discovered new facts, namely, Abdul-Karim's former name and the prior *crimen falsi* conviction. The newly discovered fact timeliness exception in Section 9545(b)(1)(ii)

> requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

***Brown***, 111 A.3d at 176 (citations and quotation marks omitted). The timeliness exception in Section 9545(b)(1)(ii)

> has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petition to allege and prove a claim of "after-discovered

- 8 -

evidence." Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. In other words, the "new facts" exception at:

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

> Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.

*Id.* at 176-77 (citations and some formatting altered).

Appellant acknowledged that he heard Abdul-Karim testify in 1995, but did not retain a private investigator to investigate him until 2007. The investigator could not locate any records on Abdul-Karim. Appellant then retained a second private investigator who discovered in October 2013 that Abdul-Karim's former name was Elvin Odoms.[5] Appellant also reiterated that he requested relief from the federal district court in 2007, and had also requested information from the Pennsylvania State Police in 2010 concerning the name change. We are not convinced that Appellant's above detailed

---

[5] The record does not detail how the investigator determined Abdul-Karim's former name. The existence of Abdul-Karim's former name is not disputed by the Commonwealth.

actions over six years prove that he acted with due diligence. **See id.**; **see also Cox**, 146 A.3d at 230.

But even assuming Appellant pleaded and proved a Section 9545(b)(1)(ii) exception, he is not entitled to relief. As to the merits, Appellant argues that if he had known about Abdul-Karim's prior conviction, he could have filed a criminal complaint and potentially barred him from taking the stand as a witness. Appellant's Brief at 21. Alternatively, Appellant contends that if he could have established Abdul-Karim's testimony was not credible, he could have been acquitted because the other evidence identifying him was contradictory and vague. **Id.** at 28. Appellant separately asserts that the PCRA court erred by not holding an evidentiary hearing to assess credibility. **Id.** at 22.

To establish eligibility for relief under the "after-discovered evidence" provision of Section 9543(a)(2)(vi):

> a petitioner must prove that (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

**Cox**, 146 A.3d at 228 (citation and quotation marks omitted).

We agree with the PCRA court that Appellant failed to establish that the information regarding Abdul-Karim, even if admitted into evidence, would likely compel a different verdict. **See Cox**, 146 A.3d at 228. Concerning the Bright Jewelers Robbery, the complainant identified Appellant from a photo

array. The Commonwealth presented evidence that established the gun used in the Bright Jewelers Robbery was identical to the gun used in the Sun Homicide case. Further, the decedent's wife identified Appellant from a photo array in the Sun Homicide case. The police also recovered other inculpatory evidence from Appellant's home. Further, as noted above, the Commonwealth introduced Appellant's co-defendant's police statement implicating Appellant as the ringleader. This record contains overwhelming evidence supporting the verdicts in both cases notwithstanding Abdul-Karim's testimony identifying Appellant.

Accordingly, Appellant has failed to establish that after-discovered evidence concerning Abdul-Karim's former name would have likely resulted in a different verdict. **See Cox**, 146 A.3d at 228. Additionally, Appellant did not demonstrate that the trial court would have admitted Abdul-Karim's 1975 conviction for receiving stolen property, which occurred more than ten years prior to Appellant's trial. **See generally** Pa.R.E. 609(b). Moreover, since Appellant has not established a genuine issue of fact that he was entitled to relief, we find no error in the PCRA court's decision to dismiss Appellant's petition without a hearing. **See Commonwealth v. Smith**, 121 A.3d 1049, 1052 (Pa. Super. 2015); **see also** Pa.R.Crim.P. 907(1).

Orders affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/18/20